## DOUGHERTY et al. v. ROBB.   (No. 7969.)

Court of Civil Appeals of Texas. San Antonio.
March 21, 1928.

Rehearing Denied April 25, 1928.

1. Pleading ⬦387—Generally, allegations in pleading and proof must correspond.

Generally, allegations in pleading and proof must correspond.

2. Pleading ⬦398—Variance between pleading and evidence is not fatal, unless misleading.

Variance between pleading and evidence is not fatal, unless it misleads or surprises adverse party.

3. Master and servant ⬦264(10)—Allegation in petition that minor was injured while attempting to place bottle of water on stand, supported by proof that bottle was dropped 40 feet distant from stand, held not material variance.

In mother's action for injury sustained by a minor employed in hotel when he dropped bottle resulting in cut on arm, where material allegation in petition was that minor was attempting to place 5-gallon bottle of water on stand, and proof showed that bottle was dropped 40 feet away from stand, held, that this was not material variance requiring instruction for defendant.

4. Trial ⬦139(1)—Trial judge is never justified in taking case from jury, unless there is no evidence to sustain cause pleaded by plaintiff.

Jury being made judges of credibility of witnesses and weight of testimony by statute,

trial judge is never justified in taking case from jury, unless there is no evidence to sustain cause pleaded by plaintiff.

5. Master and servant ⬦265(16)—Hotel proprietor held to have burden of showing minor employee cut when he dropped 5-gallon bottle of water was contributorily negligent.

Where infant employed in hotel sustained cut on arm when he dropped 5-gallon bottle of water, burden of proof was on hotel proprietor to establish contributory negligence on part of minor, and it could not be assumed as matter of law that he was guilty of negligence in attempting to lift bottle or in dropping it.

6. Master and servant ⬦289(9)—Court held not justified in taking question of contributory negligence from jury in action against hotel proprietor for cut which minor employee sustained when he dropped water bottle.

In action by mother of minor employed in hotel who sustained cut when he dropped 5-gallon bottle of water, where minor had on two occasions dropped water bottles, court was not justified in taking question of contributory negligence from jury.

7. Appeal and error ⬦927(7)—On reviewing verdict directed for defendant, truth of plaintiff's testimony must be assumed.

Appellate court in reviewing propriety of verdict directed for defendant must assume that plaintiff's testimony was true.

8. Trial ⬦140(2)—Inconsistencies in minor's evidence did not justify court in instructing jury to find against mother and minor in their action for minor's injuries.

In action by mother of minor employed in hotel who was cut when he dropped 5-gallon water bottle, inconsistencies and contradictions in minor's evidence held not to justify court in instructing jury to find against plaintiffs as to damages arising out of injuries.

9. Master and servant ⬦286(39)—Negligence of hotel proprietor causing minor employee, who informed proprietor of weakened condition, to fill and carry water bottles, held for jury.

In mother's action for injuries sustained by minor employed in hotel who dropped 5-gallon water bottle, thereby sustaining cut on arm, question of negligence on part of hotel proprietor in causing boy, who had not long before been operated on, and who informed proprietor of condition, to fill and carry water bottles, held for jury.

10. Negligence ⬦136(9)—Negligence is question of fact for jury, where inferences from facts might lead to different conclusions in different minds.

Negligence is question of fact which must be submitted to jury, not only where there is sufficient testimony as to actual facts to leave reasonable doubt, but also where inferences which might be fairly drawn from facts are not certain and invariable and might lead to different conclusions in different minds.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Master and servant** ⬤⟿288(11)—**Question of assumed risk, if raised, held for jury, where minor employee was cut while carrying water bottle.**

In mother's action for injuries sustained by minor employed in hotel who was cut when he dropped 5-gallon water bottle which he was carrying, question of assumed risk *held* for jury, if evidence raised it at all.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by Martha W. Dougherty, for herself and as next friend of her minor son, Robert A. Dougherty, against C. D. Robb. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Ed. Yarbrough, of Midland, for appellants. W. R. Montgomery, W. H. Sadler, J. C. Hall, and J. F. Carl, all of Edinburg, for appellee.

FLY, C. J. Mrs. Martha W. Dougherty, for herself and as next friend for her minor son, Robert A. Dougherty, instituted this suit against appellee to recover damages arising from personal injuries inflicted on her son through the negligence of appellee, and also for wages. The cause was tried before a jury and a verdict instructed in favor of appellee, so far as the damages were concerned.

Appellants alleged that on or about September 11, 1926, appellee, a hotel keeper in Edinburg, Hidalgo county, employed Robert A. Dougherty, a minor 17 years of age, "to do such work in and about said hotel as making beds, sweeping the rooms, and running errands," etc. It was further alleged that the drinking water in the hotel was placed in "5-gallon glass bottles, cylinder shape," weighing about 60 pounds when full of water and being about 2 feet long; that there was a drinking stand about 3 or 4 feet high, on which the bottle of water, bottom side up, was placed, and to place it on the stand it was lifted from the floor; that the bottles were "round, slick, and hard to handle," and were so heavy that it was "with the greatest of difficulty that this plaintiff, Robert A. Dougherty, was able to lift one." It was alleged that appellee commanded appellant, who was small and physically unable to handle the bottles, to place the bottles on the stand, but when such command was protested; appellee promised to have a negro handle the bottles. It was further alleged:

"That on or about the 22d day of October, A. D. 1926, while in the employment of defendant and at defendant's hotel in Edinburg, Tex., he, on demand of the defendant, attempted to place one of said bottles, filled with water, in said drinking stand, as aforesaid, and that when he had raised same some 3 or 4 feet above the floor his strength gave way, because of the great weight of said bottle, and he could neither place same in the drinking stand nor ease same

back to the floor, and that he tried to keep from dropping said bottle on the floor and attempted to ease said bottle back to the floor, but because of the great weight of said bottle and because of its slick and glassy surface he was unable to hold same and set it back on the floor, and that he held on to the neck of said bottle and when same struck the floor it was broken and the broken glass struck plaintiff's right arm, or wrist, just above the hand and wrist joint and severed all the leaders in his arm and cut the radial artery in two that leads to the hand; that because of said wound he lost a great amount of blood, and that said leaders and artery had to be tied together and said wound closed' up, and that he was placed under anæsthetic twice and remained in the hospital 14 days before he was able to leave his bed, and that he suffered great pain and mental anguish, and that he has never regained his former strength."

[1, 2] Mrs. Dougherty alleged that the minor was employed without her knowledge and consent. Robert Dougherty swore that he filled the bottle in the bathroom, 40 feet from the stand, and then endeavored to lift it up so as to carry it to the stand, when it slipped, fell, broke, and cut his right arm. It is elementary that the allegations and proof must correspond, but it is also a well-established rule that variance between pleading and evidence is not fatal, unless it misleads or surprises the adverse party. McClelland v. Smith, 3 Tex. 210; Shipman v. Fulcrod, 42 Tex. 248; Wiebusch v. Taylor, 64 Tex. 53; Longley v. Caruthers, 64 Tex. 287; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288.

[3] If it be true that there is a variance as to the exact place in the hotel where the accident occurred is alleged to have taken place and the proof as where it did happen, there was no material variance. The material allegation in the petition was that Robert Dougherty was attempting to place a 5-gallon bottle of water on a stand and dropped it and injured himself. Appellee was not misled by proof showing that the bottle was dropped 40 feet from the stand and not directly at it. He was prepared with his testimony to meet the charge of negligence on his part even though the accident occurred in the bathroom and not near the water stand. In the cited case of Brown v. Sullivan, it was alleged that the accident occurred in one town, and the evidence showed it occurred in another, and the court held that defendant was not surprised as appeared by the fact that he had his witnesses present to meet the evidence introduced by the plaintiff. There was no foundation in this case for an instruction in favor of appellee on the ground of variance.

[4-6] The jury is made by statute judges of the credibility of witnesses and weight of the testimony and a trial judge is never justified in taking a case from a jury unless there is no evidence to sustain the cause pleaded by the plaintiff. The burden of

proof, under the facts of this case, rested on appellee to establish contributory negligence on the part of Robert Dougherty, and it cannot be assumed as a matter of law that he was guilty of negligence in attempting to lift the bottle, or in dropping it. It seems that appellee had on two occasions dropped water bottles, which it would seem were difficult to be held. The court was not justified in taking the question of contributory negligence from the jury. Negligence or not is usually purely a question of fact, and, when a court takes the question from a jury, his action cannot be justified unless a case of negligence under the law is presented.

[7, 8] The evidence in this case shows that Robert Dougherty, an employee of appellee, was ordered to fill the water bottles by attaching a hose 4 feet long to a faucet in a bathroom 40 feet from the water stand. That part of the employee's labor made it necessary for him to carry the bottle to the bathroom, and even though appellee had promised to place the bottle on the stand, that did not excuse the employee from carrying the bottle when filled back to the stand for appellee to lift to the stand. The boy swore that he placed the bottle on the floor and attached the hose to the faucet from the sink. After he had filled it and cut off the water, he tried to lift the bottle, and his hand slipped, and the bottle fell, breaking and wounding him. He had told appellee that he was not strong enough to lift the bottle to the stand and he told the employee to fill the bottle and he would lift it to the stand. He did not keep his promise. Robert Dougherty swore, and, a verdict being instructed, his testimony must be taken as true:

"I told him I couldn't lift those bottles, and he said he would do it himself until he could get a negro to do it, and he did it himself awhile, and the guests would come and kick, and I had to fill them up. He told me I had to do it until he could get a negro."

It is argued by appellee that he volunteered to attend to the bottle; but, if his testimony was true, he was acting under orders from his employer. There may be inconsistencies and contradictions in Robert Dougherty's evidence, but they did not justify the court in invading the prerogatives of the jury, by instructing them to find against appellants as to damages arising out of the injuries inflicted on Robert Dougherty. The jury was permitted to pass on the amount due for wages to him, and, upon a finding in his favor, judgment was rendered in his favor for the same.

[9, 10] The question of negligence on the part of appellee to cause a boy, who had not long before been operated upon, and who informed appellee of his condition, to fill and carry the water bottles, was one of fact for a jury, and it was not within the province of the court to take the case away from the jury. Negligence is a question of fact, which must be submitted to the jury, not only where there is sufficient testimony as to the actual facts to leave a reasonable doubt, but also where the inference which might be fairly drawn from the facts are not certain and invariable, and might lead to different conclusions in different minds. International & G. N. Railroad Co. v. Brice (Tex. Civ. App.) 95 S. W. 660. A writ of error was granted in this case and the judgment was reversed on the failure to give a certain charge, but there was no disagreement as to the principles stated on instructing verdicts, because that doctrine has been settled by numbers of decisions.

[11] The facts did not conclusively settle the question of assumed risk against the minor, and that question should have been submitted to the jury, if the evidence raised it at all.

This court might have affirmed that part of the judgment relating to the wages of the employee, but appellants do not ask such affirmance but seek a reversal of the whole judgment.

The judgment is reversed and the cause remanded.