**O. P. LEONARD TRUST et al., Appellants,**

v.

**J. C. HARE, Appellee.**

No. 6979.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 12, 1957.

Rehearing Denied Oct. 10, 1957.

834

Leachman, Gardere, Akin & Porter, Henry D. Akin, Dallas, for appellants.

Ralph R. Rash, Austin, for appellee.

CHADICK, Chief Justice.

This is a plea of privilege case and the trial court's judgment overruling the plea is affirmed.

In the District Court of Hopkins County, J. C. Hare, as plaintiff, sued O. P. Leonard, individually and as trustee of the O. P. Leonard Trust, and Obie Paul Leonard and Robert Woolridge Leonard as defendants, alleging all such parties to reside in Tarrant County. By his trial pleading (plaintiff's first amended original petition) he made additional parties, naming W. D. Barrett and Dale Alberts as additional defendants and alleged they were residents of Hopkins County. The suit was for damages resulting from injuries alleged to have been received while he was operating a tractor as an employee of the Leonards and the Leonard Trust in Hopkins County. The Leonards and the O. P. Leonard Trust in answering filed pleas of privilege to be sued in Tarrant County. Plaintiff Hare seasonably controverted the pleas of privilege asserting venue to be in Hopkins County under the provisions of subds. 4, 9, 9a, 23 and 29a of Art. 1995, V.T.C.S. A hearing was had before the court without aid of a jury. No findings of fact or conclusions of law were filed.

Appellants seek reversal on five points of error, contending: (1) That the provisions of Art. 7425b–24, V.T.C.S. (Sec. 24 of the Texas Trust Act) requires an action of this kind to be prosecuted in Tarrant County, the residence of the Trustee; (2) the appellee failed to show the O. P. Leonard Trust was an association or joint

stock company; therefore, the venue could not be maintained against it under subd. 23 in Hopkins County; (3) it being stipulated that the accident occurred in Delta County, venue could not be maintained in Hopkins County under subd. 9a; (4) the action being based on negligence, and subd. 9 provides that such subsection should not apply to any suit based upon negligence, the action could not be maintained in Hopkins County; and (5) the appellee having failed to show a cause of action against either of two defendants who reside in Hopkins County or a joint cause of action against them and the non-resident defendants or that the non-resident defendants were necessary parties, the action could not be maintained in Hopkins County under either subds. 4 or 29a.

In his trial pleadings the appellee alleged that the appellants were guilty of negligence generally proximately causing his injuries and damages in furnishing him as an employee a tractor which was mechanically defective and unsafe and alleged 14 specific acts of negligence against the O. P. Leonard Trust, its farm manager, foreman and other agents, servants and employees.

The evidence stated in the aspect most favorable to the judgment rendered is substantially this: Hare, as an employee, was required to operate a tractor in the performance of his employment on the Leonard ranch. At quitting time on March 11, 1955, the farm foreman, Dale Alberts, directed him to disconnect the tractor from a drag it was pulling and move the tractor to higher ground for the night; he dismounted, stood on the ground behind the tractor and manipulated the hand-clutch lever to cause the tractor to back slightly and release tension on the coupling pin to permit its removal. In this uncoupling operation the clutch engaged the reverse gear and he was unable to disengage it, and was caught by the tractor's backward movement, run over and severely injured. The foreman for many weeks prior to the

occurrence of the injury knew of the defective condition of the tractor's clutch and had had it adjusted to prevent slipping. At a time prior to the injury the foreman placed oil in the clutch housing in an effort to prevent and remedy the slipping, but the clutch frequently slipped, making it necessary at times to uncouple the tractor from the implement to which it might be attached in order to move the tractor. Placing oil in the clutch housing would not prevent the clutch from slipping but did add to the hazard of operating the tractor because the oil would crystallize and cause the clutch to grab. When the tractor's clutch was adjusted, the adjustments tightened the clutch mechanism making it more difficult to shift or change gears. The clutch frequently engaged the gears suddenly, making the tractor jump. The uncoupling procedure appellee was using at the time of his injury had been used by him two or three times a day over a period of several months and such procedure was well known to the foreman, Dale Alberts. It was impossible for one man to uncouple without dismounting from the tractor. The appellants, including the O. P. Leonard Trust, are for venue purposes domiciled in Tarrant County.

■ The venue facts necessary to be proved under subd. 4, Art. 1995, to maintain a suit in the county of domicile of one defendant against another defendant not domiciled there but who are proper parties are: (1) That one defendant reside in the county of suit; (2) that the party asserting his privilege be at least a proper party to the claim against the resident defendant; and (3) that the plaintiff have a bona fide claim against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; 1 McDonald Tex.Civil Practice, 334 Sec. 4.10.

■ The law is well settled that farm foreman Dale Alberts may be liable individually and in his capacity as agent and servant of the Leonards and the Leonard

Trust if guilty of affirmative acts of negligence which proximately caused his fellow employee's injury. Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; Waldo v. Galveston, H. & S. A. Ry. Co., Tex.Com.App., 50 S.W.2d 274. And he may be jointly sued with his employer for his tortious acts if it appears that the suit against him grows out of the same transaction and is so intimately connected with the cause of action against the appellants that a multiplicity of suits may be avoided by joining all in one suit. Texas & Pacific Ry. Co. v. Miller, 79 Tex. 78, 15 S.W. 264, 11 L.R.A. 395; Stockyards National Bank v. Maples, supra. There can be no question that appellants as masters are liable for the tortious act of their servant if committed in the course and scope of his employment under the doctrine of respondeat superior, 29 Tex.Jur., p. 409, Sec. 241, and are proper parties to the lawsuit, Labadie v. Hawley, 61 Tex. 177. The evidence and pleading support the trial court's judgment in this respect.

Appellants' Point 5 is addressed to the third venue fact mentioned above and asserts that the appellee failed to show a bona fide claim against Dale Alberts, one of the defendants resident in Hopkins County.

Because the trial judge overruled the appellants' plea of privilege, it must be inferred that he found the facts to favor such judgment, and venue for trial of the case is in Hopkins County under subd. 4, Art. 1995, unless the acts proved, as argued by the appellants, are not as a matter of law negligence proximately causing the injury and damage suffered by the appellee.

 Whether furnishing the appellee a tractor and requiring him to operate it in the condition and under the circumstances shown is negligence is a question for the trial judge as trier of the facts. It is concluded that the evidence, largely undisputed, considered in the light most favorable to the judgment will support a finding of negligence and proximate cause. If reasonable minds may draw variable inferences from the facts and circumstances in evidence which would support a judgment for or against Dale Alberts, a question of fact is presented. Without prolonging this opinion, it may be stated that under the principles of law discussed in LeMaster v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, and Dougherty v. Robb, Tex.Civ.App., 5 S.W.2d 582, wr. dis., acts of negligence may be found from the facts herein recited. Also such acts could properly be found to be the proximate cause of appellee's injuries under principles stated in Biggers v. Continental Bus System, Tex., 303 S.W.2d 359; Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352.

 The conclusions expressed make it unnecessary to discuss other of appellants' points of error, but it might be appropriate to briefly comment on Point 1 which raises the question that venue in this case would lie exclusively in Tarrant County, because such county is the residence of the trustee. A reading of S.B. 251, known as the Texas Trust Act, now Art. 7425b—1 et seq., and the purposes the bill reveals for its enactment exclude the legislative intent to fix venue of tort actions against a single trustee by parties not privy to the trust in the county of the residence of the trustee. The reasons discussed in City State Bank in Wellington v. National Bank of Commerce of Altus, Okla., Tex.Civ.App., 261 S.W.2d 749, wr. ref., n. r. e., would have application in this tort action and require that the point be overruled.

All the appellants' points of error have been studied in context with the argument and authorities in their support and it is thought that none present reversible error; therefore, the judgment of the trial court is affirmed.