Gerald **WEAVER** et ux., Appellants,

v.

William D. **SWOFFORD**, Appellee.

No. 7428.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 4, 1965.

Rehearing Denied Feb. 8, 1965.

W. Hugh Harrell, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

This was a suit brought by Gerald Weaver and wife, Leila Weaver, as plaintiffs, against William D. Swofford, as defendant, for damages arising from an automobile accident which occurred at a street intersection in Lubbock on July 21, 1962. The jury convicted each driver of negligence. The plaintiffs filed their motion for judgment non obstante veredicto and the defendant filed his motion for judgment upon the verdict of the jury. The trial court refused the plaintiffs' motion and granted judgment that the plaintiffs take nothing from the defendant. From that judgment the plaintiffs perfected this appeal. The plaintiffs will hereafter be referred to as appellants and the defendant as appellee.

Appellants present this appeal upon three assignments of error. By appellants' first assignment of error it is contended the court erred in not sustaining appellants' motion for judgment non obstante veredicto for the reason the trial court did not disregard the jury's answers to Special Issues 18 and 19 for the reason there was no evidence before the jury that Mrs. Weaver failed to keep a proper lookout and that the same was a proximate cause of the collision; that there was insufficient amount of evidence before the jury that Mrs. Weaver failed to keep a proper lookout and that the same was a proximate cause of the collision; and in not disregarding the

jury's verdict to Special Issues 18 and 19 when it was contrary and/or against the overwhelming weight and preponderance of the evidence so as to be manifestly unjust. Appellants' second point is to the same effect as their first point except that neither the judgment nor the answers to Special Issues 18 and 19 were supported by any evidence; insufficiency of the evidence; and against the overwhelming weight and preponderance of the evidence so as to be manifestly unjust. We will consider both points together.

▮▮ The jury held in this case that both parties were negligent and that such negligence was a proximate cause of the injuries. We are of the opinion under the undisputed evidence in this case up to about the time of the accident in question neither of the parties saw the other. Mr. Swofford was proceeding in a northerly direction on 29th Street and Mrs. Weaver was proceeding in a westerly direction on the Brownfield Highway. Mr. Swofford testified the accident took place in the outside lane of traffic on the Brownfield Highway; that Mrs. Weaver was in the outside lane of traffic and that he was about to leave the intersection when his automobile was struck. Appellants' Exhibit One shows it to be true that Swofford was about to leave the intersection when struck. Mrs. Weaver stated there was nothing to obstruct her vision between the intersection where Swofford said he stopped before crossing the Brownfield Highway and a point three hundred yards east down the Brownfield Highway. Immediately after the accident Mrs. Weaver asked Swofford where he came from. Swofford testified Mrs. Weaver told him there at the accident that she did not see him and he told her he didn't see her. There was evidence that Mrs. Weaver could have missed Swofford by turning to the left. In considering and weighing all of the evidence, we cannot say the verdict is so against the great weight and preponderance as to be manifestly unjust. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Under this record, Mrs.

Weaver could have seen Swofford if she had been keeping a proper lookout as she stated she could see that far when she was some three hundred yards back. We think the case of De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, is in point here where it is stated:

"It does not, however, necessarily follow that as a matter of law Mr. DeWinne kept a proper lookout. Every person proceeding along or across a public street is under the duty at all times to maintain a proper lookout for his own safety, and may not proceed blindly and in disregard of dangers that might reasonably be anticipated to exist. Blunt v. H. G. Berning, Inc., Tex.Civ.App., 211 S.W.2d 773, wr. ref. Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135, wr. ref."

Our conclusion from the undisputed evidence is that had Mrs. Weaver looked she must have seen Swofford's automobile since she stated she could see down the road she was traveling for some three hundred yards. Had she looked she must have seen the Swofford automobile. Lackey v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 225 S.W.2d 630; and Joe D. Hughes, Inc. v. Moran, 325 S.W.2d 829 (N.R.E.). See also Watts v. Dallas Railway & Terminal Co., Tex. Civ.App., 279 S.W.2d 400, where it is stated:

"The foregoing testimony portrays another of these all too frequent intersectional collisions of motor vehicles; and while the fault of defendant's bus operator must be admitted, appellants strenuously argue the absence or insufficiency of evidence raising any issue of negligence chargeable to Mrs. Watts. Applicable generally to the record as made are the following principles of law: (1) 'A motorist approaching intersection controlled by traffic signals and having a stop sign on the intersecting highway cannot close his eyes to approaching automobiles from his right and left and must use ordinary care in

keeping a proper lookout for his own safety regardless of the signal lights and signs that are placed at the intersection.' Todd v. La Grone, Tex.Civ. App., 234 S.W.2d 99, syl. 2. (2) 'A modern traffic signal system at intersection does not relieve driver of a vehicle of the duty of maintaining an adequate lookout on entering an intersection to determine whether the conditions at or near the intersection are such as may affect his safety.' Edson v. Perry-Foley Funeral Home, Tex. Civ.App., 132 S.W.2d 282, syl. 1. (3) 'Courts are without authority to set aside jury verdicts particularly on questions of negligence and proximate cause in damage suits upon conflicting facts. The undisputed facts must be ample and clear and the circumstances most exceptional to justify such action.' Volkmer v. Curlee, Tex.Civ. App., 261 S.W.2d 870, 872. (4) 'Negligence is a question of fact, which must be submitted to the jury, not only where there is sufficient testimony as to the actual facts to leave a reasonable doubt, but also where the inferences which might be fairly drawn from the facts are not certain and invariable, and might ,lead to different conclusions in different minds. Dougherty v. Robb, Tex.Civ.App.1928, 5 S.W.2d 582, error dismd. per Mr. Chief Justice Fly.' 30–B Tex.Jur., Negligence, Note 16, p. 424, sec. 162. (5) 'It is always the duty of every adult to exercise ordinary care for his own safety, inclusive of the duty of keeping a proper lookout. Whether or not a plaintiff exercised due care is ordinarily a question for the jury. Texas & P. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332, 333.' "

▇ For convenience in discussing appellants' third point of error we set out appellants' point three in full as follows:

"The Court committed fundamental error in not sustaining plaintiffs' motion, exceptions and objection to exclude medical records of doctors and hospital records of the doctors who were present in Lubbock on the day of the trial on the basis that the best evidence was by the doctors and plaintiffs were not afforded an opportunity to cross-examine the best evidence being that by the doctors; and, the Court admitting medical records of a deceased doctor over objection by the plaintiffs of their inability to cross-examine. (Germane to S. of F., pp. 188, 240, and 246)."

Mrs. Montgomery who testified as to the hospital records testified she was in charge of the hospital records; that the hospital had in the medical library folders of hospital records of each time that Mrs. Weaver had been confined to the hospital; that the records were kept in the regular course of business for the hospital; that the entries were made by the people whose duty it was to make them; that the entries were made at or about time they showed to have been made and that the records were made by employees or representatives of the hospital who had the duty to make the entries and they had knowledge of the matters they were setting out in the records. We think the records of the hospital admitted herein were admissible under Article 3737e, Vernon's Ann.Tex.Civ.St., and think the following cases hold contrary to appellants' contention: Travis Life Insurance Company v. Rodriquez, Tex.Civ.App., 326 S.W.2d 256, approved 160 Tex. 182, 328 S.W.2d 434 by the Supreme Court; Skillern & Sons, Inc. v. Rosen, Tex., 359 S.W. 2d 298; State Automobile Casualty Underwriters v. Reagan, Tex.Civ.App., 337 S.W. 2d 522. Appellants' first, second, and third points of error are overruled. We have carefully considered this entire record and find no reversible error. Judgment of the trial court is affirmed.