COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
NO. 2-00-430-CV
  
   
MOBIL 
OIL CORPORATION; MOBIL PRODUCING                      APPELLANTS
TEXAS 
& NEW MEXICO, INC.; MOBIL CORTEZ
PIPELINE, 
INC.; CORTEZ PIPELINE COMPANY;
SHELL 
CORTEZ PIPELINE COMPANY; SHELL CO2
COMPANY, 
LTD.; SHELL OIL COMPANY; SHELL
WESTERN 
E & P, INC.; AND SWEPI LP
   
V.
   
GARY 
H. SHORES, JOHN W. BARFIELD, AND                            APPELLEES
FRANK 
GIBSON, IN THEIR REPRESENTATIVE
CAPACITIES 
AS CO-TRUSTEES OF THE ALICIA L.
BOWDLE 
TRUST; WILLIAM G. KEMP AND MARIE
J. 
BENCH, IN THEIR REPRESENTATIVE CAPACITIES
AS 
CO-TRUSTEES OF THE BERNARD M. BENCH
FAMILY 
TRUST; BONNIE LYNN WHITEIS, INDIVIDUALLY;
WILLIAM 
C. ARMOR, JR., INDIVIDUALLY; AND THE
CLASS 
OF ALL OVERRIDING ROYALTY INTEREST
OWNERS 
FROM AUGUST 24, 1982 TO DATE UNDER
LEASES 
TO DEFENDANTS IN ANY OIL, GAS, OR
MINERAL 
PROPERTY THAT BECAME UNITIZED BY
VIRTUE 
OF THE McELMO DOME UNIT AGREEMENT
   
------------
 
FROM 
THE PROBATE COURT OF DENTON COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
INTRODUCTION
        This 
case involves interlocutory appeals from the statutory probate court’s order 
denying appellants’ pleas to the jurisdiction and motions to transfer venue. 
On our own motion, we withdraw our opinion of April 5, 2001 and substitute the 
following.[1]  The motion for rehearing filed by 
Shell Cortez Pipeline Company, Shell CO2 Company, Ltd., Shell Oil 
Company, Shell Western E & P Inc., and SWEPI LP (the “Shell appellants”) 
and the motion for rehearing and for en banc rehearing filed by appellees are 
denied as moot. We will dismiss the appeals in part for want of jurisdiction and 
vacate the probate court’s order in part for want of subject matter 
jurisdiction.
FACTUAL AND PROCEDURAL BACKGROUND
        The 
underlying litigation is a suit to recover under-paid carbon dioxide royalties. 
The appellees are: Gary Shores, John Barfield, and Frank Gibson, in their 
representative capacities as co-trustees of the Alicia L. Bowdle Trust 
(collectively the “Bowdle Trust”); William G. Kemp and Marie J. Bench, in 
their representative capacities as co-trustees of the Bernard M. Bench Family 
Trust (collectively the “Bench Family Trust”); Bonnie Lynn Whiteis; and 
William C. Armor, Jr. (hereinafter also referred to collectively as “appellees”). 
Appellees brought suit in the probate court of Denton County, Texas against 
appellants Mobil Oil Corporation, Mobil Producing Texas & New Mexico, Inc., 
and Mobil Cortez Pipeline, Inc. (the “Mobil appellants”), the Shell 
appellants, and Cortez Pipeline Company (hereinafter also referred to 
collectively as “appellants”).[2]  Appellees 
are overriding royalty interest owners of a unitized carbon dioxide pool, the 
McElmo Dome Unit, in Colorado and claim that since 1982 appellants have 
under-paid royalties for carbon dioxide produced from that pool.
        The 
Bowdle Trust is a Texas inter vivos trust with its principal place of business 
and situs of administration in Denton County, Texas. The Bench Family Trust is a 
Colorado inter vivos and charitable trust with its principal office located in 
Denver County, Colorado. Whiteis is a Texas citizen who resides in Wichita 
County, Texas. Armor is a citizen of Florida who resides in Martin County, 
Florida. Denton County is not the location of any appellant’s principal Texas 
office.
        Appellants 
filed pleas to the probate court’s jurisdiction and motions to transfer venue 
to Harris County asserting, among other complaints, that the Bench Family Trust, 
Whiteis, and Armor were improperly joined in the lawsuit under former section 
15.003 of the Texas Civil Practice and Remedies Code.
        After 
a hearing, the probate court signed a November 30, 2000 order denying 
appellants’ pleas to the jurisdiction and their motions to transfer venue. The 
court did not specify the basis for its ruling. Appellants then perfected their 
interlocutory appeals to this court.[3]
ISSUES ON APPEAL
        Appellants 
assert the probate court erred by denying their motions to transfer venue of the 
claims of the Bench Family Trust, Whiteis, and Armor because they did not 
independently establish proper venue in Denton County and their joinder in the 
Bowdle Trust suit was improper. The Mobil appellants also contend that the order 
denying the motions to transfer venue is void because the probate court has no 
subject matter jurisdiction over the claims of the Bench Family Trust, Whiteis, 
and Armor. In a cross-point, appellees contend that the interlocutory appeals 
should be dismissed for mootness and lack of jurisdiction, or, alternatively, 
abated and the case remanded to the probate court for clarification.
APPELLATE COURT JURISDICTION
        Before 
reaching appellants’ complaints, we must first address appellees’ contention 
that this court lacks appellate jurisdiction over appellants’ interlocutory 
appeals.
        Generally, 
a party may appeal only a final order or judgment.[4]  
An interlocutory appeal from a nonfinal order or judgment is permitted only when 
authorized by statute.[5]  Because interlocutory 
appeal from an order denying a plea to the jurisdiction is available by statute 
only to governmental agencies,[6] we agree with 
appellees’ contention that we have no jurisdiction to review the probate 
court’s denial of appellants’ pleas to the jurisdiction under section 
51.014(a)(8).
        Interlocutory 
appeal is, however, available under former section 15.003(c) of the civil 
practice and remedies code from a ruling allowing or disallowing joinder of a 
plaintiff who is unable to independently establish venue.[7]  
To be appealable under former section 15.003(c), the venue ruling must 
“necessarily determine” an intervention or joinder issue under this section.[8]  If the trial court’s order necessarily determines 
an intervention or joinder issue, we conduct an independent de novo review of 
the record to ascertain the correctness of that ruling.[9]  
If, however, a joined plaintiff has properly asserted a legally cognizable 
theory supporting venue in the county of suit independently of any other 
plaintiff, review of the trial court’s denial of a motion to transfer venue 
concerning that plaintiff must wait until direct appeal following a final 
judgment.[10]
        Based 
on the record before us, we conclude that neither the Bench Family Trust, 
Whiteis, nor Armor pleaded any venue facts that would independently establish 
proper venue in Denton County under a legally cognizable venue theory. 
Consequently, they are “person[s] who [are] unable to establish proper 
venue” under former section 15.003(a) and cannot intervene or be joined in 
this suit unless they each independently satisfy the four joinder factors 
contained in former section 15.003(a).[11]  
Furthermore, because the probate court denied appellants’ motions to transfer 
venue as to these parties, the probate court “necessarily determined” that 
these parties did each independently satisfy the intervention or joinder 
requirements of former section 15.003(a). As a result, we have jurisdiction 
under former section 15.003(c) over appellants’ interlocutory appeals of the 
probate court’s determination of the intervention or joinder issues relating 
to the Bench Family Trust, Whiteis, and Armor.
        The 
Mobil appellants contend that the order determining the intervention or joinder 
issues relating to the Bench Family Trust, Whiteis, and Armor should be vacated 
and dismissed because the probate court lacks subject matter jurisdiction over 
the joined parties’ claims. Appellees contend that we have no authority to 
review the probate court’s subject matter jurisdiction in an interlocutory 
appeal brought under former section 15.003(c).[12]  
We disagree.
        In 
Shell Cortez Pipeline Co., an interlocutory appeal from the probate 
court’s order certifying a class action in the same case, we recently 
observed:
The 
Texas Supreme Court and numerous courts of appeals have . . . repeatedly 
recognized that when an appellate court is granted jurisdiction to review an 
interlocutory order or judgment, that jurisdiction encompasses a review of the 
validity of the interlocutory order or judgment. . . . In other words, the trial 
court’s authority or jurisdiction to enter the appealable interlocutory order 
or judgment is subject to appellate review along with the merits of the ruling 
because “[s]imply put, if the court has no authority to act, it can hardly be 
said that the court’s action is valid.”
 
Moreover, 
a trial court’s subject matter jurisdiction is never presumed and cannot be 
waived. Our jurisdiction over the merits of an appeal extends no further than 
that of the court from which the appeal is taken. Thus, if the trial court 
lacked jurisdiction, we only have jurisdiction to set the trial court’s 
judgment aside and dismiss the cause.[13]
  
        Based 
on the binding precedent of our decision in Shell Cortez Pipeline Co. and 
the longstanding Supreme Court of Texas decisions on which we relied in that 
case, we clearly have the jurisdiction and authority to review the probate 
court’s subject matter jurisdiction to render the appealable order here. “To 
hold otherwise would nonsensically preclude our review of a fundamental 
tenet—subject matter jurisdiction—underlying an order the legislature has 
statutorily authorized us to review.”[14]
THE STATUTORY PROBATE COURT’S
SUBJECT MATTER JURISDICTION
        A 
statutory probate court may exercise only that jurisdiction accorded it by 
statute.[15]  Appellees contend that the probate 
court below has subject matter jurisdiction by virtue of former probate code 
sections 5(d), 5A(b), and 5A(c)(2)-(3). Former section 5(d) states in pertinent 
part that “[a] statutory probate court has concurrent jurisdiction with the 
district court . . . in all actions involving an inter vivos trust [and] in all 
actions involving a charitable trust.”[16] Former 
section 5A(b) defines the phrases “appertaining to estates” and “incident 
to an estate”:
In 
proceedings in the statutory probate courts and district courts, the phrases 
“appertaining to estates” and “incident to an estate” in this Code 
include the probate of wills, the issuance of letters testamentary and of 
administration, and the determination of heirship, and also include, but are not 
limited to, all claims by or against an estate, all actions for trial of title 
to land and for the enforcement of liens thereon, all actions for trial of the 
right of property, all actions to construe wills, the interpretation and 
administration of testamentary trusts and the applying of constructive trusts, 
and generally all matters relating to the settlement, partition, and 
distribution of estates of deceased persons.[17]
Former 
section 5A(c) provides that “[a] statutory probate court has concurrent 
jurisdiction with the district court in all actions . . . (2) involving an inter 
vivos trust [and] (3) involving a charitable trust.”[18]
        The 
Bench Family Trust’s, Whiteis’s, and Armor’s claims do not fall within any 
of the specific examples listed in former section 5A(b). Nor is the 
“controlling issue” in this suit “the settlement, partition, and 
distribution of estates of deceased persons.”[19]  
Therefore, we must determine whether the claims of the Bench Family Trust, 
Whiteis, and Armor are actions involving an inter vivos or charitable trust 
under former probate code sections 5(d) and 5A(c)(2) and (3).
        A 
statutory probate court’s jurisdiction over actions involving trusts is 
concurrent with that of a district court.[20]  
Thus, the district court’s jurisdiction over actions involving trusts 
determines the extent of a statutory probate court’s jurisdiction over such 
actions.
        The 
trust actions over which a district court has jurisdiction are enumerated in 
section 115.001(a) of the Texas Trust Code, as follows:
                (1) 
construe a trust instrument;
 
                (2) 
determine the law applicable to a trust instrument;
 
                (3) 
appoint or remove a trustee;
 
      
(4) determine the powers, responsibilities, duties, and liability of a trustee;
 
                (5) 
ascertain beneficiaries;
 
      
(6) make determinations of fact affecting the administration, distribution, or 
duration of a trust;
 
      
(7) determine a question arising in the administration or distribution of a 
trust;
 
      
(8) relieve a trustee from any or all of the duties, limitations, and 
restrictions otherwise existing under the terms of the trust instrument or of 
this subtitle;
 
      
(9) require an accounting by a trustee, review trustee fees, and settle interim 
or final accounts; and
 
               (10) 
surcharge a trustee.[21]

Texas 
courts considering section 115.001(a) and its predecessor, Texas Trust Act 
article 7425b-24(A),[22] have consistently held that 
those statutes provide the exclusive list of actions “concerning trusts” 
over which a district court has jurisdiction.[23]
        No 
cause of action alleged by appellees in this case is specifically enumerated in 
section 115.001(a). Nevertheless, appellees argue that this is a proceeding 
“concerning trusts” under Texas Trust Code section 115.001(a)(6) and (a)(7), 
because the trustees have the power under the Texas Trust Code to enter into 
mineral leases and to contest claims of or against a trust.[24]  
In essence, appellees contend that because the trustees have these powers, every 
suit to which they are a party raises questions “affecting the administration, 
distribution, or duration of a trust” and questions “arising in the 
administration or distribution of a trust.”[25]  
We believe this argument proves too much.
        Under 
appellees’ theory, every lawsuit to which a trustee is a party would come 
within section 115.001 no matter what the subject matter. The mere fact that a 
plaintiff happens to be a trustee, however, does not transform a case into one 
“concerning trusts.”[26]
        Moreover, 
construing section 115.001(a)(6)-(7) as appellees suggest would vitiate the 
remaining carefully drafted provisions in section 115.001(a). It is an axiom of 
Texas law that the court may not construe a statute in any manner that fails to 
give effect to all the provisions the legislature enacted or that reduces any 
provision to mere surplusage.[27]  We are 
unwilling to ignore or undo the legislature’s care in limiting matters 
concerning trusts for jurisdictional purposes by embracing the all-encompassing 
construction appellees urge here.[28]
        For 
the reasons stated above, we hold that the Bench Family Trust’s, Whiteis’s, 
and Armor’s claims for damages relating to the royalty payments at issue in 
this case are not within the statutory probate court’s limited statutory 
jurisdiction. Therefore, the probate court’s order denying appellants’ 
motions to transfer venue as to these appellees is void.
CONCLUSION
        Having 
determined that the statutory probate court has no subject matter jurisdiction 
over the Bench Family Trust’s, Whiteis’s, and Armor’s claims, we vacate 
the probate court’s order denying appellees’ motions to transfer venue of 
those claims and dismiss those causes.[29]  We 
dismiss for want of jurisdiction the appeals from the probate court’s order 
denying appellants’ pleas to the jurisdiction.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE

  
PANEL 
A:   CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
WALKER, 
J. filed a dissenting opinion.
 
DELIVERED: 
January 29, 2004
 

 
COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
NO. 2-00-430-CV
  
  
MOBIL 
OIL CORPORATION; MOBIL PRODUCING                      APPELLANTS
TEXAS 
& NEW MEXICO, INC.; MOBIL CORTEZ
PIPELINE, 
INC.; CORTEZ PIPELINE COMPANY;
SHELL 
CORTEZ PIPELINE COMPANY; SHELL CO2
COMPANY, 
LTD.; SHELL OIL COMPANY; SHELL
WESTERN 
E & P, INC.; AND SWEPI LP
  
V.
  
GARY 
H. SHORES, JOHN W. BARFIELD, AND                            APPELLEES
FRANK 
GIBSON, IN THEIR REPRESENTATIVE
CAPACITIES 
AS CO-TRUSTEES OF THE ALICIA L.
BOWDLE 
TRUST; WILLIAM G. KEMP AND MARIE
J. 
BENCH, IN THEIR REPRESENTATIVE CAPACITIES
AS 
CO-TRUSTEES OF THE BERNARD M. BENCH
FAMILY 
TRUST; BONNIE LYNN WHITEIS, INDIVIDUALLY;
WILLIAM 
C. ARMOR, JR., INDIVIDUALLY; AND THE
CLASS 
OF ALL OVERRIDING ROYALTY INTEREST
OWNERS 
FROM AUGUST 24, 1982 TO DATE UNDER
LEASES 
TO DEFENDANTS IN ANY OIL, GAS, OR
MINERAL 
PROPERTY THAT BECAME UNITIZED BY
VIRTUE 
OF THE McELMO DOME UNIT AGREEMENT
   
------------
 
FROM 
THE PROBATE COURT OF DENTON COUNTY
 
------------
 
DISSENTING OPINION ON 
REHEARING
 
------------
        I 
respectfully dissent. This court does not possess jurisdiction to review the 
trial court’s subject matter jurisdiction in a joinder appeal brought under 
former civil practice and remedies code section 15.003. See Act of May 
18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 
979, amended by Act of June 2, 2003, 78th Leg., R.S., ch. 204, 
§ 3.03, 2003 Tex. Gen. Laws 847, 853 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
15.003 (Vernon Supp. 2004)).[1]  The 
legislature has narrowly defined our appellate jurisdiction in joinder appeals. Id. 
In a joinder appeal, we “shall . . . determine whether the joinder or 
intervention is proper based on an independent determination from the record and 
not under either an abuse of discretion or substantial evidence standard.” Id. 
The Texas Supreme Court has explained that this statute allows an interlocutory 
appeal for one specific purpose: to contest the trial court's decision 
allowing or denying intervention or joinder. Am. Home Prods. Corp. v. Clark, 
38 S.W.3d 92, 96 (Tex. 2000). In fact, the Texas Supreme Court has held: “The 
language the Legislature used clearly indicates its intent to limit 
interlocutory appellate review of a trial court's decision to whether certain 
plaintiffs may intervene or join in the suit.” Id. (emphasis 
added); see also Tex. R. Civ. P. 
87(6) (providing that “[t]here shall be no interlocutory appeals from such [a 
venue] determination”).
        An 
appellate court has jurisdiction to hear appeals from interlocutory orders and 
judgments only when specifically authorized by statute. Qwest Communications 
Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000); Fort Worth 
Star-Telegram v. Street, 61 S.W.3d 704, 707-08 (Tex. App.—Fort Worth 2001, 
pet. denied). A statute such as civil practice and remedies code section 
15.003(c)(1) authorizing interlocutory appeals is strictly construed because it 
is an exception to the general rule that only a final judgment is appealable. Tex. 
Dep't of Transp. v. City of Sunset Valley, 8 S.W.3d 727, 730 (Tex. 
App.—Austin 1999, no pet.). Strictly construing section 15.003(c)(1), the 
provision authorizing the interlocutory joinder appeal here, the provision 
grants us jurisdiction to decide a single issue: “whether the joinder or 
intervention is proper based on an independent determination from the record.” 
Former Tex. Civ. Prac. & Rem. Code 
Ann. § 15.003(c)(1); see Clark, 38 S.W.3d at 96.
        The 
majority, citing our opinion in the Shell Cortez Pipeline Co. v. Shores 
class certification appeal, holds that we possess jurisdiction in this 
interlocutory joinder appeal to review the trial court’s subject matter 
jurisdiction over the claims asserted in plaintiffs’ live pleadings. Maj. Op. 
at 9 (citing Shell Cortez Pipeline Co. v. Shores, No. 02-01-00006-CV, 
2004 WL 41411, at *4 (Tex. App.—Fort Worth Jan. 8, 2004, no pet. h.)). But the 
subject matter jurisdiction analysis we applied there is not applicable to this 
joinder appeal. The Shell Cortez Pipeline interlocutory class 
certification appeal was filed pursuant to civil practice and remedies code 
section 51.014(a)(3). Tex. Civ. Prac. 
& Rem. Code Ann. § 51.014(a)(3) (Vernon Supp. 2004). The legislature 
in section 51.014 granted us general appellate jurisdiction over any appeal 
“from an interlocutory order” set forth in section 51.014. Id. § 
51.014(a), (f). We held in the Shell Cortez Pipeline class certification 
appeal that civil practice and remedies code section 54.014's general statutory 
grant of appellate jurisdiction implicitly conferred upon us the power to review 
the trial court’s subject matter jurisdiction to enter the class certification 
order being appealed. See Shell Cortez Pipeline Co., No. 02-01-00006-CV, 
2004 WL 41411, at *3 (citing numerous cases); see also Tex. Civ. Prac. & Rem. Code Ann. § 
51.014(a), (f). Specifically, we held that “when an appellate court is granted 
jurisdiction to review an interlocutory order or judgment, that 
jurisdiction encompasses a review of the validity of the . . . trial court’s 
authority or jurisdiction to enter the appealable interlocutory order.” Shell 
Cortez Pipeline Co., No. 02-01-00006-CV, 2004 WL 41411, at *3.
        Unlike 
the general statutory appellate jurisdiction granted to us by section 51.014, 
however, the legislature chose to, and expressly did, limit our appellate 
jurisdiction in joinder appeals to the determination of the issue of 
whether the joinder or intervention is proper based on an independent 
determination from the record. Tex. Civ. 
Prac. & Rem. Code Ann. § 15.003(c)(1); Clark, 38 S.W.3d at 
96. In section 15.003(c)(1), unlike in section 51.014, the legislature did not 
grant us general appellate jurisdiction to review an interlocutory order 
or judgment. See Tex. Civ. 
Prac. & Rem. Code Ann. §§ 15.003(c)(1), 51.014(a)(8). Only the issue 
of joinder is appealable. See id. § 15.003(c)(1); Clark, 38 
S.W.3d at 96. The majority’s interlocutory review of the trial court’s 
subject matter jurisdiction over the claims pleaded in plaintiffs’ live 
pleadings is not supported by our holding in Shell Cortez Pipeline and, 
moreover, is beyond the issue we are statutorily authorized to review under 
section 15.003(c)(1).
        Also, 
in my view, the majority’s review of Appellants’ subject matter jurisdiction 
complaints is tantamount to a review of the trial court’s denial of 
Appellants’ pleas to the jurisdiction. The trial court held a hearing on 
Appellants’ pleas to the jurisdiction and denied them. Appellants make the 
very same subject matter jurisdiction arguments in this joinder appeal that they 
made in their pleas to the jurisdiction.[2]  We 
are not authorized to conduct an interlocutory review of a trial court’s 
ruling on a plea to the jurisdiction not involving a governmental unit. See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(a)(8). To hold as the majority does, that in every joinder appeal an 
appellant may also obtain appellate review of any challenge to the trial 
court’s subject matter jurisdiction is contrary to the plain language of 
sections 15.003(c)(1) and 51.014(a)(8). See id. §§ 15.003(c)(1), 
51.014(a)(8). I fear that the effect of the majority’s ruling will be the 
exact quagmire it has presented in this case: a bogging down of accelerated 
interlocutory joinder appeals to consider the issue of subject matter 
jurisdiction in violation of the legislature’s express wishes that the single 
issue of proper joinder be expeditiously decided within 120 days of the 
perfection of an appeal. See id. § 15.003(c)(2).
        For 
these reasons, I dissent.
 
                                                          SUE 
WALKER
                                                          JUSTICE

  
DELIVERED: 
January 29, 2004
 

NOTES
Majority 
Notes
1. 
We also withdraw our judgment of April 5, 2001 in this appeal. Two appellants 
filed separate petitions for writ of mandamus, which we consolidated with this 
appeal and denied on April 5, 2001. In re Mobil Oil Corp., No. 
02-01-00072-CV (Tex. App.—Fort Worth Apr. 5, 2001, orig. proceeding); In re 
Shell Cortez Pipeline Co., No. 02-01-00075-CV (Tex. App.—Fort Worth Apr. 
5, 2001, orig. proceeding). Neither relator moved to reconsider our judgments in 
the original proceedings; therefore, we no longer have jurisdiction to 
reconsider our judgments denying relators’ petitions for writ of mandamus.
2. 
Appellees also include “the class of all overriding royalty interest owners 
from August 24, 1982 to date under leases to defendants in any oil, gas, or 
mineral property that became unitized by virtue of the McElmo Dome Unit 
Agreement.” We have, however, vacated the trial court’s class certification 
order and dismissed the class certification case. Shell Cortez Pipeline Co. 
v. Shores, No. 02-01-00006-CV, 2004 WL 41411 (Tex. App.—Fort Worth Jan. 8, 
2004, no pet. h.). Therefore, this appeal is moot as to the class member 
appellees. In addition, Richard Timothy Bradley and Deborah Sue Hartsfield were 
named as defendants in the underlying suit, but they did not file notices of 
appeal. Consequently, they are not parties to this appeal. See Tex. R. App. P. 25.1(c).
3. 
See Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 
Tex. Gen. Laws 978, 979, amended by Act of June 2, 2003, 78th 
Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 853-54 (current version 
at Tex. Civ. Prac. & Rem. Code Ann. § 
15.003(c) (Vernon Supp. 2004)).
4. 
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).
5. 
Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (orig. 
proceeding).
6. 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(a)(8) (Vernon Supp. 2004); see Shell Cortez Pipeline Co., No. 
02-01-00006-CV, 2004 WL 41411.
7. 
See former Tex. Civ. Prac. & 
Rem. Code Ann. § 15.003(c); Am. Home Prods. Corp. v. Clark, 38 
S.W.3d 92, 96 (Tex. 2000).
8. 
Clark, 38 S.W.3d at 96; Surgitek, Bristol-Myers Corp. v. Abel, 997 
S.W.2d 598, 601 (Tex. 1999).
9. 
Former Tex. Civ. Prac. & Rem. Code 
Ann. § 15.003(c)(1); Bristol-Myers Squibb Co. v. Goldston, 983 
S.W.2d 369, 375 (Tex. App.—Fort Worth 1998, pet. dism’d by agr.).
10. 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 15.064(a) (Vernon 2002); Clark, 38 S.W.3d at 96.
11. 
Act of May 4, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. 
Laws 978, 979, amended by Act of June 2, 2003, 78th Leg., R.S., 
ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 853 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
15.003(a) (Vernon Supp. 2004)).
12. 
According to appellees, Clark limits our review to joinder issues raised 
under former section 15.003. In Clark, the supreme court held that when 
the trial court’s order does not necessarily determine an intervention or 
joinder issue under former section 15.003(a), but instead determines the 
propriety of venue under section 15.002, interlocutory appeal is unavailable and 
“[n]either the court of appeals nor [the Supreme Court of Texas] can review 
the propriety of the trial court’s venue decision.” 38 S.W.3d at 96. The 
court in Clark did not address the question presented here: whether we 
can review the trial court’s subject matter jurisdiction to determine an 
intervention or joinder issue in an interlocutory appeal brought under former 
section 15.003(c).
13. 
Shell Cortez Pipeline Co., No. 02-01-00006-CV, 2004 WL 41411, at *3-4 
(citations omitted); see State v. Cook United, Inc., 464 S.W.2d 105, 106 
(Tex. 1971); Tex. State Bd. of Examiners in Optometry v. Carp, 162 Tex. 
1, 343 S.W.2d 242, 243 (1961); Letson v. Barnes, 979 S.W.2d 414, 417 
(Tex. App.—Amarillo 1998, pet. denied). But see Faddoul, Glasheen & 
Valles, P.C. v. Oaxaca, 52 S.W.3d 209, 211 (Tex. App.—El Paso 2001, no 
pet.).
14. 
Shell Cortez Pipeline Co., No. 02-01-00006-CV, 2004 WL 41411, at *4.
15. 
Goodman v. Summit at West Rim, Ltd., 952 S.W.2d 930, 933-34 (Tex. 
App.—Austin 1997, no writ); City of Beaumont v. West, 484 S.W.2d 789, 
791 (Tex. Civ. App.—Beaumont 1972, writ ref’d n.r.e.).
16. 
See Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 
Tex. Gen. Laws 104, 105, setting forth and amending 1999 version of section 5 
and renumbering former section 5(d) (current version at Tex. Prob. Code Ann. § 5(e) (Vernon 
Supp. 2004)). Although some provisions of probate code section 5 were amended in 
2001 and 2003, and some provisions of probate code section 5A were repealed and 
others were amended in 2003, the enabling legislation for all these amendments 
provides that the changes in the code apply only to a probate proceeding or 
other action commenced on or after the effective date of the amendments. See 
Act of May 14, 2001, 77th Leg., R.S., ch. 63, § 3, 2001 Tex. Gen. 
Laws 104, 106 (amending probate code section 5); Act of June 20, 2003, 78th 
Leg., R.S., ch. 1060, § 17, 2003 Tex. Gen. Laws 3052, 3057 (amending probate 
code sections 5 and 5A). Thus, we apply the 1999 version of the probate code, 
which was in effect when the underlying suit was filed, and all references 
hereinafter to the probate code are to the 1999 version unless otherwise 
indicated.
17. 
Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. 
Laws 422, 422, setting forth and amending Tex. 
Prob. Code Ann. § 5A(b) (current version at Tex. Prob. Code Ann. § 5A (Vernon Supp. 
2004)).
18. 
Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. 
Laws 4162, 4164, repealed by Act of May 28, 2003, 78th Leg., 
R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057.
19. 
Former Tex. Prob. Code Ann. § 
5A(b); see In re SWEPI, L.P., 85 S.W.3d 800, 805 (Tex. 2002) (orig. 
proceeding).
20. 
Former Tex. Prob. Code Ann. §§ 
5(d), 5A(c)(2)-(3).
21. 
Tex. Prop. Code. Ann. § 
115.001(a) (Vernon Supp. 2004). The Texas Trust Code is part of the Texas 
Property Code. Id. §§ 111.001-117.012 (Vernon 1995 & Supp. 2004).
22. 
The Texas Legislature adopted the Texas Trust Code in 1983 as part of its 
nonsubstantive revisions codifying statutes relating to property. Act of May 26, 
1983, 68th Leg., R.S., ch. 576, 1983 Tex. Gen. Laws 3475. The trust 
code codified the former Texas Trust Act enacted originally in 1943. Act of 
April 15, 1943, 48th Leg., R.S., ch. 148, 1943 Tex. Gen. Laws 232. In 
adopting the trust code, the legislature provided that the trust code and the 
Texas Trust Act should be considered as one continuous statute. Accordingly, 
interpretations of the Texas Trust Act apply also to the trust code.
23. 
See, e.g., McCormick v. Hines, 498 S.W.2d 58, 62 (Tex. Civ. 
App.—Amarillo 1973, writ dism’d) (construing article 7425b-24(A) and holding 
that an action for breach and specific performance of a contract is not a matter 
concerning trusts); Mayflower Trust Co. v. Nowell, 413 S.W.2d 783, 786 
(Tex. Civ. App.—Houston 1967, writ dism’d) (holding that article 7425b-24 
does not cover a suit by trust beneficiaries against the trustee alleging 
conversion of trust assets, fraud, and other torts); Smith v. Plainview Hosp. 
& Clinic Found., 393 S.W.2d 424, 427 (Tex. Civ. App.—Amarillo 1965, 
writ dism’d) (holding that article 7425b-24 exclusively enumerates a district 
court’s jurisdiction concerning trusts); O.P. Leonard Trust v. Hare, 
305 S.W.2d 833, 836 (Tex. Civ. App.—Texarkana 1957, writ dism’d) (same).
24. 
Tex. Prop. Code Ann. §§ 113.012, 
113.019 (Vernon 1995).
25. 
Id. § 115.001(a)(6), (7).
26. 
Compare Arnold v. Austin Nat’l Bank, 580 S.W.2d 138, 140-41 (Tex. Civ. 
App.—Fort Worth 1979, no writ) (holding that a co-trustee’s suit for a 
declaration whether it had the power under a trust agreement to liquidate a 
trust asset in which it also held lien interests is encompassed by article 
7425b) and Cogdell v. Fort Worth Nat’l Bank, 537 S.W.2d 304, 306-07 
(Tex. Civ. App.—Fort Worth 1976, writ dism’d) (holding that a trustee’s 
suit seeking to determine whether the trustee had the power to continue in that 
capacity is encompassed by article 7425b) with Mayflower Trust Co., 413 
S.W.2d at 786 (holding that article 7425b-24 does not cover a suit by trust 
beneficiaries alleging the trustee committed torts) and Smith, 393 S.W.2d 
at 427 (holding that a hospital’s suit against trustees to recover fees for 
services to trust beneficiary from trust funds is not a matter concerning 
trusts).
27. 
Jones v. Fowler, 969 S.W.2d 429, 432 (Tex. 1998) (holding that a court 
must construe the whole statute giving effect and purpose to every part).
28. 
The legislature’s 1987 enactment of section 5A(b) of the probate code 
reinforces the conclusion that the legislature did not extend the trial 
court’s jurisdiction to the appellees’ suit against third parties for money 
damages. By this enactment, the legislature granted statutory probate courts 
jurisdiction in “actions by or against a personal representative,” but in 
the next clause conferred only concurrent jurisdiction with the district courts 
in actions “involving . . . inter vivos trust[s]”—that is, the proceedings 
enumerated in trust code section 115.001(a). Act of May 26, 1987, 70th 
Leg., R.S., ch. 459, § 1, 1987 Tex. Gen. Laws 2043, 2044. The legislature did 
not confer jurisdiction in actions “by or against trustees.”
29. 
Because of our disposition of the Bench Family Trust’s, Whiteis’s, and 
Armor’s claims on subject matter jurisdiction grounds in this case, and in 
light of our disposition of the class action claims on the same grounds in Shell 
Cortez Pipeline Co., No. 02-01-00006-CV, 2004 WL 41411, we need not reach 
appellants’ and appellees’ other points or arguments.
 
Dissent Notes
1. 
The 2003 amendments are not applicable to this case; they apply only to actions 
filed on or after September 1, 2003. See Act of June 2, 2003, 78th 
Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899. Consequently, 
all citations herein to section 15.003 of the civil practice and remedies code 
are to the 1995 version of that section in effect until the 2003 amendments.
2. 
Although no party has requested on rehearing that we reconsider our original 
holding that we would not review subject matter jurisdiction in a joinder 
appeal, the majority nonetheless on its own motion disposes of this joinder 
appeal on this basis.