Shell Co. Mobile Oil v. Gary Shores, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH 

 

NO. 2-01-006-CV

SHELL CORTEZ PIPELINE COMPANY, APPELLANTS

SHELL CO
2 
COMPANY, LTD. N/K/A 

KINDER MORGAN CO
2
 COMPANY, 

L.P., SHELL OIL COMPANY, SHELL 

WESTERN E & P INC., SWEPI LP,

MOBIL OIL CORPORATION, MOBIL

PRODUCING TEXAS & NEW MEXICO,

INC., AND MOBIL CORTEZ PIPELINE, INC.

V.

GARY H. SHORES, JOHN W. BARFIELD, APPELLEES

AND FRANK GIBSON, IN THEIR 

REPRESENTATIVE CAPACITIES AS CO-

TRUSTEES OF THE ALICIA L. BOWDLE 

TRUST, WILLIAM G. KEMP AND MARIE J. 

BENCH, IN THEIR REPRESENTATIVE 

CAPACITIES AS CO-TRUSTEES OF THE

BERNARD M. BENCH FAMILY TRUST, 

BONNIE LYNN WHITEIS, INDIVIDUALLY, 

WILLIAM C. ARMOR, JR., INDIVIDUALLY, 

AND GARY H. SHORES, IN HIS 

REPRESENTATIVE CAPACITY AS 

ADMINISTRATOR WITH WILL ANNEXED 

OF THE ESTATE OF MARGARET BRIDWELL

BOWDLE, DECEASED

----------

FROM PROBATE COURT OF DENTON COUNTY

----------

OPINION

----------

I.  Introduction

Two groups of Appellants, the Mobil defendants
(footnote: 1) (collectively referred to as “Mobil”) and the Shell defendants
(footnote: 2) (collectively referred to as “Shell”) bring interlocutory appeals from a class certification order entered by the statutory probate court of Denton County.  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 51.014 (Vernon Supp. 2004).  
The probate court certified a nationwide class of current and former overriding royalty owners in the McElmo Dome Unit, located in Colorado, and their claims for breach of contract, declaratory judgment, breach of agency duty to market, breach of the duty of good faith and fair dealing, action on account, and conspiracy against Shell and Mobil stemming from the alleged underpayment of carbon dioxide royalties since 1982.  The primary issue we address in this appeal is whether the probate court has subject matter jurisdiction.  Because we hold that the statutory probate court in this instance does not have subject matter jurisdiction over the class claims at issue here, we vacate the trial court’s class certification order and dismiss the case.

II.  Factual Background

In the early 1980s, Shell and Mobil possessed extensive interests in oil fields in West Texas in the Permian Basin.  Shell and Mobil decided to maximize the oil output of these fields by flooding them with carbon dioxide.  To this end, Shell and Mobil set about obtaining carbon dioxide from the nearby McElmo Dome CO
2
 formation in Colorado.  Shell and Mobil drafted and executed a Unit Agreement for the development and operation of the McElmo Dome (Leadville) Unit.  This Agreement designated Shell as the Unit Operator.  Shell and Mobil agreed to jointly build and operate a pipeline to transport the carbon dioxide from the McElmo Dome Unit to the West Texas oil fields.

Before the Colorado Oil and Gas Conservation Commission would approve formation of the Unit, Shell and Mobil were required to obtain the consent and approval of requisite percentages of the working interests in the Dome and also of the royalty owners and overriding royalty owners.  To accomplish this, Shell, with the approval of Mobil, prepared and sent all overriding and royalty owners a solicitation package.  The solicitation package contained information indicating that the working interest owners would pay all installation and operating costs of the “program” and that there would be no costs to royalty owners.  The package also indicated that the royalty owners would not “have to pay for the pipeline, transportation or injection of CO
2
.”

Appellees allege that since 1982, Shell and Mobil have deducted tens of millions of dollars in transportation charges in calculating and paying royalties to the royalty owners of the McElmo Dome Unit.  Moreover, Appellees allege that Shell and Mobil concealed from royalty owners the deduction of the carbon dioxide transportation charges by deducting them off-the-top and showing on the monthly statements mailed to the royalty owners a “gross price” received for the CO
2
 that was in fact a gross price minus transportation costs.  Appellees also contend that at times the transportation costs charged back to royalty owners by Shell and Mobil exceeded the price Shell and Mobil sold the carbon dioxide for, resulting in a “negative netback” to royalty owners. 

III.  Other Appeals & Proceedings

Previously in this same litigation, Shell, Mobil, and other defendants perfected interlocutory appeals pursuant to civil practice and remedies code section 15.003(c) 
challenging the probate court’s order denying their motions to transfer venue to Harris County.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 15.003(c).  We held that three of the four named plaintiffs in the underlying lawsuit, the Bench Family Trust, Bonnie Lynn Whiteis, and William C. Armor, Jr., could not independently establish proper venue in Denton County, that the probate court therefore necessarily determined the joinder issue, and that the these three plaintiffs failed to establish section 15.003(a)’s four joinder requirements.  Consequently, we reversed the trial court’s order denying Shell’s and Mobil’s motions to transfer venue as to these three plaintiffs and ordered their claims transferred to Harris County.  
See
 
id.
  The parties filed motions for rehearing of this decision, and Appellees also filed a motion for en banc rehearing.  As of the date of the issuance of this opinion, the motions for rehearing remain pending before this court.

In addition to the joinder appeal, three mandamus proceedings have been filed in this litigation.  Two of the original proceedings were consolidated with the joinder appeal and denied.  We also denied the third mandamus, but the supreme court conditionally granted the writ.  
In re SWEPI
, 85 S.W.3d 800 (Tex. 2002) (orig. proceeding).  Additionally, a second class certification appeal has been filed with this court, 
Mobil 
v. First State Bank of Denton, 
No. 2-02-119-CV.  As of the date of the issuance of this opinion, that appeal 
has not yet been submitted in this court.  We abated all of these cases on the joint motion of the parties pending settlement negotiations, but at the parties’ request, they have been reinstated.

IV.  The Class Certification Hearing and Order

The trial court conducted a four-day evidentiary hearing on Appellees’ motion for class certification and admitted and considered over 430 exhibits.  Ultimately, the trial court certified the following class “under Rule 42(a) and 42(b)(1), (b)(2), (b)(3), and (b)(4):”

All non-governmental owners of overriding royalty interests from August 24, 1982 to the commencement of the class certification hearing herein under mineral leases granted to one or more of the Mobil Defendants and Shell Defendants, or their predecessors-in-interest, in any property that became unitized by virtue of the McElmo Dome Unit Agreement.

The trial court specifically excluded the following from the “Plaintiff Class:”

(a) all Defendants and their affiliates; (b) any such overriding royalty interest owner who also is or was, during said timeframe, a working interest owner of the Unit; (c) Harry Ptasynski, W.L. Gray & Co., and all plaintiffs in 
Grynberg et al. v. Shell Oil Company, et al.
, Cause No. 98-CV-43, District Court, Montezuma County, Colorado; and (d) as to those claims arising from the wrongful pricing of CO[
2
]
 (the “Wrongful Pricing Claim”) and/or from the wrongful setting of the tariff of the Cortez Pipeline (the “Unreasonable Transportation Claim”), and members of the CO[
2
]
 Claims Coalition, L.L.C. (The “Claims Coalition”) who, as of the commencement of the class certification hearing herein, have executed a written assignment of their Wrongful Pricing Claim and their Unreasonable Transportation Claim to the Claims Coalition and have not received back a written reassignment of such claims (the “Claims Coalition Assignors”).

V.  Probate Court’s Subject Matter Jurisdiction

In its first issue, Shell asserts that neither the Texas Probate Code nor the Texas Trust Code confers subject matter jurisdiction on the trial court, the statutory probate court of Denton County, over a “national class action of over 1,000 different overriding royalty owners spanning 27 states.”  Mobil, likewise, in one of its subissues contends that the probate court lacks jurisdiction over this class litigation.  Appellees contend, however, that this court itself has no jurisdiction to review Shell’s and Mobil’s jurisdictional complaints in these interlocutory class certification appeals.  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 51.014.  We disagree and we hold that the trial court lacks subject matter jurisdiction over the class claims.

A.  Appellate Court Jurisdiction

Before the probate court signed the class certification order at issue here, Shell and Mobil filed pleas to the jurisdiction.  They challenged the probate court’s jurisdiction over the existing plaintiffs’ claims.  The probate court denied Shell’s and Mobil’s pleas to the jurisdiction.  Appellees point out that section 51.014(a)(8) of the civil practice and remedies code permits an interlocutory appeal from an order that “grants or denies a plea to the jurisdiction 
by a governmental unit
 as that term is defined in Section 101.001.”  
Id. 
§
 51.014(a)(8) 
(emphasis added)
.  
Shell and Mobil are not governmental units and therefore, Appellees argue, 
we lack jurisdiction to 
review the trial court’s denial of Shell’s and Mobil’s pleas to the jurisdiction in this interlocutory class certification appeal
. 

Generally, a Texas appellate court has jurisdiction to hear appeals from final judgments.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001); 
Kaplan v. Tiffany Dev. Corp
., 69 S.W.3d 212, 217 (Tex. App.—Corpus Christi 2001, no pet.).  An appellate court has jurisdiction to hear appeals from interlocutory orders and judgments only when specifically authorized by statute.  
Qwest Communications Corp. v. AT & T Corp.
, 24 S.W.3d 334, 336 (Tex. 2000); 
Fort Worth Star-Telegram v. Street
, 61 S.W.3d 704, 707-08 (Tex. App.—Fort Worth 2001, pet. denied).  A statute authorizing interlocutory appeals is strictly construed because it is an exception to the general rule that only a final judgment is appealable.  
Tex. Dep't of Transp. v. Sunset Valley
, 8 S.W.3d 727, 730 (Tex. App.—Austin 1999, no pet.).

The Texas Supreme Court and numerous courts of appeals have, however, repeatedly recognized that when an appellate court is granted jurisdiction to review an interlocutory order or judgment, that jurisdiction encompasses a review of the validity of the interlocutory order or judgment.  
See, e.g.
, 
State v. Cook United, Inc.
, 464 S.W.2d 105, 106 (Tex. 1971) (holding order denying plea in abatement could be attacked in appeal from temporary injunction “only in so far as the questions raised affect the validity of the injunction order”); 
Tex. State Bd. of Examiners In Optometry v. Carp
, 162 Tex. 1, 2, 343 S.W.2d 242, 243 (1961) (holding orders overruling motion for severance and plea to the jurisdiction could be attacked in appeal from another interlocutory order “in so far as the questions raised might affect the validity of the latter order”); 
Letson v. Barnes
, 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied) (holding trial court’s alleged lack of jurisdiction to enter temporary injunction could be addressed in appeal from injunction);
 R.R. Comm'n of Tex. v. Air Prods. & Chems., Inc.
, 594 S.W.2d 219, 221-22 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.) (same).  
But see Faddoul, Glasheen & Valles, P.C. v. Oaxaca
, 52 S.W.3d 209, 211 (Tex. App.—El Paso 2001, no pet.) (holding refusal to abate case because another court acquired dominant jurisdiction was not reviewable in appeal of temporary injunction).  This exception has been applied to permit appellate review of a trial court’s jurisdiction to enter a class certification order.  
Rio Grande Valley Gas Co. v. City of Pharr
, 962 S.W.2d 631, 638-39 (Tex. App.—Corpus Christi 1997, pet. dism’d w.o.j.) (reviewing order that trial judge was recused rather than disqualified to determine whether class certification order was void); 
see also In re M.M.O.
, 981 S.W.2d 72, 79 (Tex. App.—San Antonio 1998, no pet.) (recognizing that an appellate court may review whether a justiciable controversy exists in the appeal of a class certification order).  In other words, the trial court’s authority or jurisdiction to enter the appealable interlocutory order or judgment is subject to appellate review along with the merits of the ruling because “[s]
imply put, if the court has no authority to act, it can hardly be said that the court's action is valid.”  
Letson
, 979 S.W.2d at 417.   

Moreover, a trial court’s subject matter jurisdiction is never presumed and cannot be waived.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443-44 (Tex. 1993).  Our jurisdiction over the merits of an appeal extends no further than that of the court from which the appeal is taken.  
Ward v. Malone, 
115 S.W.3d 267, 268 (Tex. App.—Corpus Christi 2003, pet. denied); 
Dallas County Appraisal Dist. v. Funds Recovery, Inc.
, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).  Thus, if the trial court lacked jurisdiction, we only have jurisdiction to set the trial court’s judgment aside and dismiss the cause.  
Ward
, 115 S.W.3d at 271.

We agree with Appellees that in this interlocutory class certification appeal we may not review the probate court’s denial of Shell’s and Mobil’s pleas to the jurisdiction, and we do not review that ruling.  
See, e.g., Witt v. Witt
, 205 S.W.2d 612, 615 (Tex. Civ. App.—Fort Worth 1947, no writ) (holding appellate court could not review order denying plea to the jurisdiction in appeal of order granting temporary injunction).  But we are authorized to review the trial court’s authority or jurisdiction to enter the very order appealed here: the class certification order.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014 (a)(3); 
Cook United, Inc.
, 464 S.W.2d at 106; 
Carp
, 343 S.W.2d at 243; 
Letson, 
979 S.W.2d at 417; 
Air Prods. & Chems., Inc.
, 594 S.W.2d at 221-22
.
  To hold otherwise would nonsensically preclude our review of a fundamental tenet—subject matter jurisdiction—underlying an order the legislature has statutorily authorized us to review.  W
e hold that we have jurisdiction in this section 51.014(a)(3) class certification appeal to address whether the statutory probate court has subject matter jurisdiction over the class claims.  We address that issue next.

B.  Probate Court Jurisdiction

Texas probate jurisdiction is, to say the least, somewhat complex.  
Palmer v. Coble Wall Trust Co., 
851 S.W.2d 178, 180 n.3 (Tex. 1992).  A statutory probate court may exercise only that jurisdiction accorded it by statute.  
Goodman v. Summit at W. Rim, Ltd.
, 952 S.W.2d 930, 933-34 (Tex. App.—Austin 1997, no pet.); 
City of Beaumont v. West
, 484 S.W.2d 789, 791 (Tex. Civ. App.—Beaumont 1972, writ ref’d n.r.e.).  Our analysis begins, therefore, with a review of the jurisdiction accorded to a statutory probate court.

Section 25.003(e) of the Texas Government Code provides that, in a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.  
Tex. Gov’t Code Ann. 
§ 25.003(e) (Vernon Supp. 2004).  The statutory probate court in Denton County has the general jurisdiction of a probate court as provided in section 25.0021.  
Id.
 § 25.0635(a).  Section 25.0021 then provides that a probate court has the general jurisdiction provided in the Texas Probate Code. 
Id.
 § 25.0021.

The probate code provides that statutory probate courts have general original jurisdiction over “all applications, petitions, and motions regarding probate and administrations.”
(footnote: 3)  
All courts exercising original probate jurisdiction also have the power to hear “all matters incident to an estate.”
(footnote: 4)  
In proceedings in statutory probate courts, the phrase “incident to an estate” includes:

the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land, and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.
(footnote: 5)

 
A statutory probate court also has concurrent jurisdiction with the district court in all actions involving an inter vivos trust, involving a charitable trust, and involving a testamentary trust, regardless of whether the actions involving trusts are “incident to an estate.” 
 
Tex. Prob. Code Ann
. § 5A(e).
  
Specifically, probate code sections 5A(c), (d), and (e) provide:

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:

. . . .

(2) involving an inter vivos trust;

(3) involving a charitable trust; and 

(4) involving a testamentary trust.

(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

(e) Subsections (c)(2), (3), and (4) and Subsection (d) apply whether or not the matter is appertaining to or incident to an estate.

Id.

Appellees contend that probate code section 5A, subsection (c) controls jurisdiction in this case.  Appellees point out that one of the original named plaintiffs, the Bowdle Trust, is an inter vivos trust and assert that this fact triggers probate court jurisdiction under section 5A(c)(3).  Alternatively, Appellees contend that the probate court acquired jurisdiction over the class claims under section 5A(d), granting a probate court the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.
(footnote: 6)
 The parties, in addressing probate code section 5A(c)’s grant of jurisdiction to a probate court concurrent with the district court in all actions involving inter vivos trusts, focus on the district court’s jurisdiction under trust code section 115.001 and then assume that the probate court’s jurisdiction is identical to that of the district court.  But more fundamental questions exist:  do the class claims for 
breach of contract, declaratory judgment, breach of agency duty to market, breach of the duty of good faith and fair dealing, action on account, and conspiracy against Shell and Mobil 
constitute “actions involving an inter vivos trust” as required to trigger statutory probate court jurisdiction under probate code section 5A(c)?  Or, alternatively, do the Bowdle Trust’s claims authorize the probate court to exercise ancillary or pendent jurisdiction over the class claims?  We apply rules of statutory construction to properly interpret the scope of the statutory grant of jurisdiction.

Statutory interpretation is a question of law.  
In re Canales
, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding).  Our primary goal is to ascertain and effectuate the legislature's intent.  
Bragg v. Edwards Aquifer Auth.
, 71 S.W.3d 729, 734 (Tex. 2002).  In doing so, we begin with the statute's plain language because we assume that the legislature tried to say what it meant and, thus, that its words are the surest guide to its intent.  
Fitzgerald v. Advanced Spine Fixation Sys., Inc.
, 996 S.W.2d 864, 865-66 (Tex. 1999).  We presume the legislature intended a just and reasonable result in enacting a statute.  
In re D.R.L.M.
, 84 S.W.3d 281, 290 (Tex. App.—Fort Worth 2002, pet. denied).

Giving the phrase “actions involving an inter vivos trust” its plain meaning, we do not believe the class claims raised in the underlying suit against Shell and Mobil 
are actions involving an inter vivos trust.  
See
 
Tex. Gov’t Code Ann.
 § 311.011 (Vernon 1998) (requiring words used in statutes to be read in context and construed according to rules of grammar and common usage).  The Bowdle Trust’s claims may constitute actions involving an inter vivos trust, but 
the mere fact that an inter vivos trust has the same or similar claims as the members of the class does not transform the class claims into actions that involve the trust under section 5A(c).  Thus, the plain language of probate code section 5A(c)’s grant of jurisdiction over “actions involving inter vivos trusts” does not confer probate court jurisdiction over class claims having nothing to do with an inter vivos trust.   

Additionally, in interpreting a statute, we may consider the consequences of a particular construction.  
Id
. 
§
§
 311.021(3), 311.023(5).  To hold, as Appellees request, that probate code section 5A(c) vests the statutory probate court with jurisdiction over class claims simply because an inter vivos trust is a member of the class would circumvent and impermissibly broaden the legislature’s intentionally narrow grant of jurisdiction to statutory probate courts.
  See, e.g.,  Borden Inc. v. Sharp
, 888 S.W.2d 614, 618 (Tex. App.—Austin 1994, writ denied).  For these reasons, we hold that the class claims do not 
involve
 an inter vivos trust as that term is used in section 5A(c).  Accordingly, probate code section 5A(c) does not confer jurisdiction upon the statutory probate court over the class claims.
(footnote: 7)
 We next address Appellees’ contention that, alternatively, the probate court has jurisdiction over the class claims pursuant to probate code section 5A(d).  
Tex. Prob. Code Ann.
 § 5A(d).  That section confers ancillary or pendent jurisdiction on a statutory probate court over claims that bear some relationship to the estate pending before the court.  
Goodman, 
952 S.W.2d at 932.  Typically, probate courts exercise ancillary or pendent jurisdiction when a close relationship exists between the nonprobate claims and the claims against the estate. 
See Sabine Gas Trans. Co. v. Winnie Pipeline Co.
, 15 S.W.3d 199, 202 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.).  That is, probate courts exercise their ancillary or pendent jurisdiction over nonprobate matters only when doing so will aid in the efficient administration of an estate pending in the probate court.  
Id.

Here, there is no estate pending in the probate court, no close relationship exists between non-probate class claims and pending probate matters, and resolution of the class claims here will not aid in the efficient administration of anything related to the Bowdle Trust.  Rather, the class claims stand independently of, and bear no relationship to, the Bowdle Trust’s probate claims.  Likewise, resolution of the Bowdle Trust’s own claims against Shell and Mobil may aid in the administration of that trust, but the resolution of the class claims will not.  Thus, the facts of this case are not analogous to those cases in which a statutory probate court has exercised section 5A(d) ancillary or pendent jurisdiction.
(footnote: 8)  
Cf. id. 
at 201 (involving exercise of ancillary or pendent jurisdiction over third-party claims against executors of estate pending in probate court); 
Goodman
, 952 S.W.2d at 932 (involving exercise of ancillary or pendent jurisdiction over defendant’s third-party claims after executrix of estate sued defendant to clear title to property).
  We hold that section 5A(d) does not confer jurisdiction over class claims on the statutory Denton County probate court.

VI.  CONCLUSION

Because the Denton County statutory probate court lacks subject matter jurisdiction over the class claims, the class certification order it entered is void. 
See, e.g., Reiss v. Reiss, 
118 S.W.3d 439, 443 (Tex. 2003) (explaining the difference between void and voidable judgments).  
We sustain Shell’s first issue and Mobil’s subissue, vacate the trial court’s class certification order, and dismiss this class certification case.  
See
 
Tex. R. App. P.
 43.2(e).

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: January 8, 2004

FOOTNOTES
1:
The Mobil defendants are Mobil Oil Corporation, Mobil Producing Texas and New Mexico, Inc., and Mobil Cortez Pipeline, Inc.

2:
The Shell defendants are Shell Cortez Pipeline Company, Shell CO
2
 Company, Ltd. n/k/a Kinder Morgan CO
2
 Company, L.P., Shell Oil Company, Shell Western E & P Inc., and SWEPI LP.

3:
For the version of probate code section 5 applicable to this case, see
 Act of May 1, 2001, 77
th
 Leg., R.S., ch. 63 § 1, 2001 Tex. Gen. Laws 104, 106, setting forth and amending the 1999 version of 
Tex. Prob. Code Ann.
 § 5 (current version at 
Tex. Prob. Code Ann.
 § 5 (Vernon Supp. 2004)). 

4:
Id.
 
§ 1, sec. 5(f).

5:
Act of April 26, 1999, 76
th
 Leg. R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422, setting forth an amending 
Tex. Prob. Code Ann.
 § 5A(b) (current version at 
Tex. Prob. Code Ann.
 § 5A (Vernon Supp. 2004)).  Although some provisions of probate code section 5 were amended in 2001 and 2003, and some provisions of probate code section 5A were repealed and others were amended in 2003, the enabling legislation for all these amendments provides that the changes in the code apply only to a probate proceeding or other action commenced on or after the effective date of the amendments.  
See
 Act of May 14, 2001, 77
th
 Leg., R.S., ch. 63, § 3, 2001 Tex. Gen. Laws 104, 106 (amending probate code section 5); Act of June 20, 2003, 78
th
 Leg., R.S. ch. 1060, § 17, 2003 Tex. Gen. Laws 3052, 3057 (amending probate code sections 5 and 5A).  Thus, we apply the 1999 version of the probate code which was in effect when the underlying suit was filed, and all references hereinafter to the probate code are to the 1999 version unless otherwise indicated. 

6:
The class action clearly does not fall within the statutory probate court’s general original jurisdiction over “all applications, petitions, and motions regarding probate and administrations.”  
Tex. Prob. Code Ann.
 § 5(d).  Nor does it fall within a probate court’s jurisdiction to hear matters incident to an estate because no estate is pending before the probate court.  
Id. 
§ 5(f).  Indeed, Appellees do not argue these inapplicable jurisdictional grounds.   

7:
Because we hold that the class claims are not “actions involving an inter vivos trust,” the statutory probate court does not have concurrent jurisdiction with the district court pursuant to section 5A(c) over the class claims. Therefore we need not address whether any concurrent jurisdiction of the statutory probate court is equivalent to the district court’s jurisdiction under the Texas Trust Code.  
See
 
Tex. R. App. P.
 47.1 (requiring appellate court to address only issues necessary to final disposition of appeal). 

8:
Our research has not revealed any other class litigation in a statutory probate court.