NUMBER 13-04-191-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

GREGORY-PORTLAND INDEPENDENT 
SCHOOL DISTRICT,                                                          Appellant,

v.

JUDY UPTON-ALLEN AND REYNALDO MATA,                     Appellees.
___________________________________________________________________

On appeal from the 343rd District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

            This is an interlocutory appeal.


 Appellant, Gregory-Portland Independent School
District (GPISD), filed a summary judgment motion against appellees, Judy Upton-Allen
and Reynaldo Mata, asserting sovereign immunity. The trial court denied appellant’s
motion, and this appeal ensued. Because we find that appellant is immune from
liability as a matter of law, we reverse the decision of the trial court and render
summary judgment in favor of appellant.
I. FACTUAL AND PROCEDURAL BACKGROUND
         This is a personal injury lawsuit for damages arising from an automobile
accident. Judy Upton-Allen sued GPISD and its employee, Alvaro Ortiz, for Ortiz’s
alleged negligence in operating a school bus. Upton-Allen sought to hold GPISD liable
on the basis of respondeat superior. Intervenor, Reynaldo Mata, sought recovery for
personal injuries allegedly suffered as a result of the same accident and based upon the
same theory of liability as Upton-Allen.
         Ortiz first filed a motion for summary judgment against Upton-Allen asserting
that he was entitled to official immunity as a matter of law. The trial court granted
the motion and ordered that Upton-Allen take nothing against Ortiz. Ortiz then filed
a motion for summary judgment against Mata asserting that he was entitled to official
immunity as a matter of law. The trial court granted the motion and ordered that Mata
take nothing against Ortiz.
         Based on the court’s rulings with respect to Ortiz, GPISD filed a motion for
summary judgment against Upton-Allen and Mata asserting immunity. The trial court
denied GPISD’s motion.
 
II. GPISD’S IMMUNITY
         By its sole issue, appellant contends the trial court erred in denying its motion
for summary judgment because GPISD is immune from liability as a matter of law. We
agree. 
         The Texas Supreme Court has held that when a governmental entity’s liability
is based on respondeat superior for an employee’s negligence, the governmental entity
is not liable under section 101.021 of the Texas Tort Claims Act when the employee
has no liability because of official immunity. Dewitt v. Harris County, 904 S.W.2d
650, 653-54 (Tex. 1995). Because the trial court found GPISD’s employee possessed
official immunity, we conclude GPISD retains its sovereign immunity. See id. 
Therefore, the trial court erred in denying appellant’s motion for summary judgment. 
Appellant’s issue is sustained.III. ORDERS GRANTING ORTIZ’S SUMMARY JUDGMENT
         By one cross-point, appellees argue that the trial court erred in granting Ortiz’s
motions for summary judgment based on his official immunity as an employee of
GPISD. However, we do not have jurisdiction to review an interlocutory order that
grants a motion for summary judgment.



         Appellees attempt to create interlocutory appellate jurisdiction by bootstrapping
the unappealable orders to appellant’s appealable order. Appellees rely on Letson v.
Barnes for the proposition that a non-appealable order may be considered on appeal
to the extent the subject matter of the non-appealable order affects the validity of the
appealable order. See Letson v. Barnes, 979 S.W.2d 414, 417 (Tex. App.–Amarillo
1998, pet. denied) (holding trial court’s alleged lack of jurisdiction to enter temporary
injunction could be addressed in appeal from injunction). However, Letson does not
apply to the facts of this case. The orders appellees would like us to review pertain
only to Ortiz’s defense of official immunity. The orders do not affect the trial court’s
authority or jurisdiction to enter the appealable order. See Shell Cortez Pipeline Co. v.
Shores, 127 S.W.3d 286, 291 (Tex. App.–Ft. Worth 2004, no pet.). Therefore, we
do not have jurisdiction to review the orders granting Ortiz’s motions for summary
judgment.V. Conclusion
         Because we conclude GPISD is entitled to summary judgment as a matter of
law, we reverse the judgment of the trial court and render summary judgment in favor
of appellant.
                                                                                    
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 17th day of February, 2005.