COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-276-CV

 

 

BERNARD SCHUCHMANN                                                     APPELLANT

 

                                                   V.

 

TARA SCHUCHMANN                                                             APPELLEE

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.                   
Introduction








            Bernard Schuchmann appeals from the Denton County probate
court=s denial
of his plea the jurisdiction and the summary judgment it subsequently granted
in favor of his ex-wife, Tara Schuchmann. 
The key question is whether the probate court had jurisdiction over
Bernard=s
postdivorce action to divide community assets allegedly undivided by the
divorce decree, which was rendered by a Dallas County district court.  We hold that the probate court lacked
jurisdiction and that the summary judgment is therefore void.

II.                
Factual and
Procedural Background

            Bernard and Tara were married in 1981.  Bernard sued Tara for divorce in the 303rd
District Court of Dallas County in 2001 (Athe
divorce litigation@). While
the divorce litigation was pending, Bernard sued Tara and others in the probate
court of Denton County in connection with two inter vivos trusts established by
Bernard=s father
and of which Bernard was a beneficiary (Athe
trust litigation@). 

Tara filed a motion in the probate court to
consolidate the two actions by either transferring the divorce litigation to
the probate court or transferring the trust litigation to the divorce
court.  The probate court ordered the
divorce action transferred to the probate court, but the order was not enforced
and the transfer was not effectuated. 








Bernard, Tara, and the other parties to the trust
litigation eventually entered into a settlement agreement that resolved the
trust litigation and, in part, the divorce litigation.  The settlement agreement provided, among
other things, that Bernard and Tara would submit an agreed final decree of
divorce to the divorce court.  The
parties agreed that within five days after the divorce court rendered the
agreed divorce decree, they would dismiss the trust litigation with
prejudice.  The settlement agreement was
made contingent upon approval of its terms by the probate court. 

The probate court approved the settlement
agreement on September 8, 2003.  There
remained a dispute over one party=s
entitlement to attorney=s
fees; the probate court set that dispute for a hearing in November.  The probate court also conditionally vacated
its earlier order transferring the divorce litigation to the probate court:

[The]
Transfer Order is hereby vacated in its entirety; provided, however, that in
the event that the instant action or the Divorce Action is not dismissed in its
entirety as provided in . . . [the] Settlement Agreement, this Agreed Order
Vacating Transfer Order shall immediately be and become vacated and made moot,
without further action of this Court.[1]


 

The divorce court signed the agreed final decree of divorce the
next day, September 9, 2003. 

On November 25, the probate court held a hearing
on the unresolved attorney=s
fees issue.  The probate court signed an
order disposing of the issue on December 9, 2003.  The parties never filed the agreed motion to
dismiss with prejudice called for by the settlement agreement.








Also on December 9, Bernard filed a postdivorce
action in the divorce court, alleging that certain community property had not
been divided by the divorce degree because Tara had not disclosed its
existence.  The alleged property in
question is stock and stock options in a company of which Tara was a director.  Significantly, the stock and stock options
are wholly unrelated to the trusts at issue in the trust litigation.

In response to Bernard=s
postdivorce action, Tara filed a motion in the probate court on January 13, 2004,
to enforce the settlement agreement, claiming that broad language of release in
the settlement agreement precluded the postdivorce action and asking the
probate court to transfer the postdivorce action to the probate court.  Bernard filed a plea to the jurisdiction in
the probate court, arguing that the probate court lacked jurisdiction over the
postdivorce action.  The probate court
denied his plea and ordered the postdivorce action transferred from the divorce
court.  The parties later filed a joint
motion in the divorce court to Aeffectuate@ the transfer of the postdivorce action
to the probate court. 

Tara filed no-evidence and conventional motions
for summary judgment in the probate court, which the probate court
granted.  Bernard now appeals both the
probate court=s denial
of his plea to the jurisdiction and the summary judgment.








III.              
Discussion

            a)         Plea to the Jurisdiction

            In his first issue, Bernard argues that the probate court
erred by denying his plea to the jurisdiction. 
We agree.

1.                 
Standard of
Review

            A plea to the jurisdiction challenges the trial court=s authority to determine the subject
matter of the action. Tex. Dep=t
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); Archibeque v. N.
Tex. State Hosp.CWichita,
115 S.W.3d 154, 157 (Tex. App.CFort
Worth 2003, no pet.).  Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo.  Univ. of N. Tex. v. Harvey,
124 S.W.3d 216, 220 (Tex. App.CFort
Worth 2003, pet. denied).  The plaintiff
has the burden to plead facts that affirmatively establish the trial court=s subject matter jurisdiction.  Tex. Ass=n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Although the claims may form the context in
which a plea to the jurisdiction is raised, the plea should be decided without
delving into the merits of the case.  Bland
ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 








When a plea to the jurisdiction challenges the
pleadings, we determine if the pleader has alleged facts that affirmatively
demonstrate the court=s
jurisdiction to hear the case.  Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004); Tex.
Ass=n of Bus.,
852 S.W.2d at 446.  In reviewing a grant
of a plea to the jurisdiction, an appellate court must take the allegations of
the plaintiff=s
petition as true and construe them liberally in the pleader=s favor, looking to the pleader=s intent.  Miranda, 133 S.W.3d at 226.  If the evidence creates a fact question
regarding the jurisdictional issue, the trial court cannot grant the plea to
the jurisdiction, and the fact issue will be resolved by the fact-finder.  Id. at 227-28.  However, if the relevant evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
trial court rules on the plea to the jurisdiction as a matter of law.  Id. at 288.

2.                 
Sources of
Probate Court Jurisdiction[2]

            The Probate Court of Denton County is a statutory probate
court.  Tex.
Gov=t Code Ann. '
25.0631(b) (Vernon 2004).  A statutory
probate court has concurrent jurisdiction with the district court in all
actions involving inter vivos and testamentary trusts.  Tex.
Prob. Code Ann. '
5(e) (Vernon Supp. 2005).  In addition, a
statutory probate court Ahas
jurisdiction over any matter appertaining to an estate or incident to an
estate.@  Id. '
5(h).  Finally, A[a]
statutory probate court may exercise the pendent and ancillary jurisdiction
necessary to promote judicial efficiency and economy.@  Id. '
5(i).








3.                 
Analysis

            The
first step in answering the question presented by this appeal is to define what
the question is and what it is not.  The
question is not whether the probate court had concurrent jurisdiction over the
original divorce action.  The original
divorce action was concluded by the agreed decree of divorce, and Bernard=s postdivorce division suit is a new
lawsuit.  See Tex. Fam. Code Ann. ' 9.201(a) (Vernon 1998).  Rather, the question is whether the probate
court had jurisdiction over Bernard=s
new, postdivorce lawsuit to divide the stock and stock optionsCassets unrelated to the trusts at issue
in the probate court litigation.  With
this question in mind, we examine the provisions of probate code section 5 as
potential sources for the probate court=s
jurisdiction over the postdivorce lawsuit.

a.                  
Section
5(e):  Inter Vivos Trust Jurisdiction

            Section
5(e) confers on the probate court concurrent jurisdiction with the district
court over suits involving an inter vivos trust.  Tex.
Prob. Code Ann. '
5(e).  While the original divorce action
may have implicated the inter vivos trusts at issue in the probate litigation,
the postdivorce division action has nothing to do with the trusts.  Therefore, section 5(e) does not provide a
basis for probate court jurisdiction over the postdivorce division action.

 








b.                 
Section
5(h):  AAppertaining
or Incident@ Jurisdiction

            Section
5(h) extends the probate court=s
jurisdiction to matters appertaining or incident to an estate.  A>Estate=
denotes the real and personal property of a decedent.@  Id.
' 3(l) (Vernon 2003).  The trust litigation concerned an inter vivos
trust, not an estate.  Because there is
no Aestate@
involved in this case, section 5(h) has no application.

c.                  
Section
5(i):  APendant
and Ancillary@ Jurisdiction

            Typically, probate courts exercise pendant or ancillary
jurisdiction when a close relationship exists between the nonprobate claims and
the matter pending in the probate court. 
Shell Cortez Pipeline Co. v. Shores, 127 S.W.3d 286, 294 (Tex.
App.CFort
Worth 2004, no pet.).  That is,
probate courts exercise their pendant or ancillary jurisdiction over nonprobate
matters only when doing so will aid in the efficient administration of a matter
pending in the probate court.  Id.
at 294-95.








This case is complicated by its procedural history
leading up to the settlement agreement and divorce decree, and we will take
that history into account.  But the
fundamental question before us is whether there was a close relationship
between the trust litigation and the stock and stock options at issue in the
postdivorce action such that the probate court=s
exercise of jurisdiction will aid it in the efficient administration of the
trust litigation.  We hold that the
answer is Ano.@

First, there is no relationship between the
postdivorce action and the trust litigation, other than the fact that Bernard
and Tara are parties to both lawsuits. 
While the original divorce litigation included trust-related issues that
may have justified the probate court=s
exercise of pendant or ancillary jurisdiction, there are no such issues at
stake in the postdivorce action to partition the stock.

Second, the probate court=s
exercise of jurisdiction over the postdivorce action would not aid in the
efficient administration of the trust litigation because the trust litigation
is settled.  The only thing left to be
done is to enter the agreed dismissal of the trust litigation as specified in
the settlement agreement.  Indeed, the
probate court=s
exercise of jurisdiction in this case would lead to the inefficient administration
of the trust litigation by protracting litigation that is otherwise ripe for
dismissal.








Tara points to the conditional language in the
probate court=s order
vacating its earlier order that transferred the divorce action to the probate
court and argues that the parties=
failure to dismiss the probate litigation revived the former transfer
order.  In essence, she argues that the
question before us is whether the probate court had jurisdiction over the
divorce action when it first transferred the divorce action to itself, not
whether the probate court now has jurisdiction over the postdivorce action.  We disagree.

The probate court vacated its earlier transfer
order on September 8, 2003, on the condition that the parties dismiss the
probate litigation and the divorce litigation as specified in the settlement
agreement.  But the settlement agreement
called for rendition of a final divorce decree, rather than dismissal, in the
divorce litigation.  The settlement
agreement did call for dismissal of the probate litigation within five days of
the date of the divorce decree.  The
divorce court rendered its divorce decree on September 9.  It is undisputed that the parties did not
dismiss the probate litigation within five days of September 9.  Thus, argues Tara, the probate court=s original transfer order was
automatically revived, and the divorce litigation was effectively transferred
back to the probate court.








The problem with Tara=s
argument is that there was nothing of the divorce litigation left to transfer
to the probate court after the divorce court signed the final decree of
divorce.  Moreover, as a practical
matter, the probate litigation could not be dismissed in September because the
probate court did not resolve the outstanding attorney=s
fee issue until December, by which time the divorce decree was final and beyond
even the divorce court=s
plenary power.  See Tex. R. Civ. P. 329b (setting out
deadlines for exercise of trial court=s
plenary power over judgments).  Thus,
whether the probate court had jurisdiction over the divorce litigation is moot
because that litigation was resolved by the divorce decree.

Tara also argues that the probate court has
jurisdiction over the postdivorce action because the settlement agreement,
which was approved by the probate court, purported to divide certain specific
assets also divided by the divorce decree.[3]  Reading between the lines, we interpret Tara=s argument to be that the probate court
has jurisdiction over the postdivorce action under section 9.203(a) of the
family code, which provides as follows:

If
a court of this state failed to dispose of property subject to division in a
final decree of divorce or annulment even though the court had jurisdiction
over the spouses or over the property, the court shall divide the property in a
manner that the court deems just and right, having due regard for the rights of
each party and any children of the marriage.

 








Tex. Fam. Code Ann.
' 9.203(a) (Vernon 1998).  The plain meaning of the statute is to confer
jurisdiction over a postdivorce action to divide assets on the court that
rendered the final decree of divorce. 
While the probate court may have had jurisdiction over the parties and
the undivided property, it did not render the final decree of divorce.  Therefore, section 9.203(a) does not confer
jurisdiction over the postdivorce action on the probate court.

Finally, Tara argues that Bernard has waived his
jurisdictional complaint for several reasons. 
We need not address her waiver arguments except to note that subject
matter jurisdiction cannot be waived.  See Taylor Elec. Servs., Inc. v. Armstrong
Elec. Supply Co., 167 S.W.3d 522, 529 (Tex. App.CFort
Worth 2005, no pet.) (citing Tex. Ass=n
of Bus., 852 S.W.2d at 443); see also In re John G. and Marie Stella
Kenedy Mem=l Found.,
159 S.W.3d 133, 145 (Tex. App.CCorpus
Christi 2004, no pet.) (citing Wilmer-Hutchins ISD v. Sullivan, 51
S.W.3d 293, 294 (Tex. 2001)) (AJurisdiction
of the court cannot be acquired by estoppel or waiver.@).

We hold that the probate court lacked jurisdiction
over Bernard=s
postdivorce action.  We sustain Bernard=s first issue.

B.                
Summary
Judgment

            In his second issue, Bernard contends that the trial
court erred by granting summary judgment in Tara=s
favor.  Because the probate court lacked
jurisdiction over Bernard=s
postdivorce claims, its summary judgment on those claims is void.  See State ex rel. Latty v. Owens, 907
S.W.2d 484, 485 (Tex. 1995).  Therefore,
we need not address Bernard=s
second issue.  See Tex. R. App. P. 47.1.








C.                
Tara=s Motion for Damages for Frivolous Appeal

            After this case was submitted, Tara filed her AMotion for Damages for Frivolous Appeal
and, Alternatively, to Reopen the Trial Court Record,@
arguing that Bernard=s
jurisdictional issue was frivolous, requesting attorney=s
fees as a sanction, and seeking to supplement the trial court record with
additional evidence of attorney=s
fees incurred in this appeal.  Because we
have resolved Bernard=s
jurisdictional issue in his favor, we deny Tara=s
motion.

IV.             
Conclusion

            Having
sustained Bernard=s first
issue, we vacate the probate court=s
void summary judgment, sustain Bernard=s
plea to the jurisdiction, and remand the case to the probate court with
instructions to make orders as necessary to transfer the case back to the 303rd
District Court in Dallas County.  See
Tex. R. App. P. 43.2(e).  We deny Tara=s
Motion for Damages for Frivolous Appeal and, Alternatively, to Reopen the Trial
Court Record.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:       LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DELIVERED:  March 16, 2006











[1]It is
not clear from the probate court=s order, and the parties do
not explain on appeal, why the order called for the divorce action to be
dismissed when the settlement agreement contemplated not dismissal but rendition
of a final divorce decree.





[2]ATexas
probate jurisdiction is, to say the least, somewhat complex.@  Palmer v. Coble Wall Trust Co., 851
S.W.2d 178, 180 n.3 (Tex. 1992).





[3]The
settlement agreement and the agreed divorce decree both contained provisions
relating to the trusts, the ADrexel house,@ and
a RAV4 motor vehicle.  We note, however,
that section 10(C) of the settlement agreement explicitly states that it does
not supercede the terms of the divorce decree.