

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00135-CV

_____

CENTRAL STATES WATER RESOURCES, INC., Appellant

V.

TERRA SOUTHWEST, INC., Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 21-10909-431

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Before us is a motion to dismiss filed by Appellee Terra Southwest, Inc., asking that we dismiss this appeal filed by Appellant Central States Water Resources, Inc. (CSWR).

CSWR filed suit against Undine Development, LLC, Undine Texas, LLC (collectively, Undine), and Terra, alleging a breach-of-contract claim against Terra and certain declaratory-judgment claims against both Terra and Undine. *Cent. States Water Res., Inc. v. Undine Dev., LLC*, No. 02-22-00134-CV, 2022 WL 2526944, at *1 (Tex. App.—Fort Worth July 7, 2022, no pet. h.) (mem. op.). Undine later filed a motion to dismiss the claims brought against them pursuant to the Texas Citizens Participation Act (TCPA). *Id.*; *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.001–.011. Terra filed a plea to the jurisdiction, asserting that the trial court lacked jurisdiction to hear certain of the declaratory-judgment claims. *Cent. States*, 2022 WL 2526944, at *1.

The trial court ultimately granted Undine's motion to dismiss, ordering that CSWR's claims against Undine were dismissed with prejudice and ordering that Undine "shall receive their necessary and reasonable attorney's fees in bringing the [m]otion upon submission of evidence of such fees to the [c]ourt." *Id.* The trial court also granted Terra's plea to the jurisdiction, dismissing certain of the declaratory-judgment claims but maintaining that the trial court "has jurisdiction over [CSWR's] claim for breach of contract against [Terra], and . . . that breach of contract claim remains to be litigated in this case." *Id.*

In two separate notices of appeal, CSWR challenged the trial court's grant of Undine's TCPA motion to dismiss and grant of Terra's plea to the jurisdiction. *Id.* This appeal concerns CSWR's challenge to the grant of Terra's plea to the jurisdiction.[1] Terra filed a motion to dismiss CSWR's appeal, contending that our court lacks appellate jurisdiction over CSWR's challenge to the trial court's grant of Terra's plea to the jurisdiction. Instead of filing a response to Terra's motion to dismiss, CSWR filed its brief on the merits.

This court has appellate jurisdiction only over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A judgment is final when it either (1) actually disposes of every pending claim and party or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann*, 39 S.W.3d at 200, 205. Here, the order CSWR is appealing is not a final judgment because it does not actually dispose of every pending claim and party; to the contrary, the breach-of-contract claim remains against Terra, as does Undine's request for their attorney's fees on their TCPA motion to dismiss. Moreover, the order does not clearly and unequivocally state that it finally disposes of all claims and all parties.

---

[1]CSWR's challenge to the trial court's grant of Undine's TCPA motion to dismiss is the subject of a separate appeal no longer pending in this court. *See Cent. States*, 2022 WL 2526944.

The trial court's order granting Terra's plea to the jurisdiction does not dispose of all causes of action and parties and is therefore interlocutory. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). A statute authorizing appeals from interlocutory orders must be "strictly construed because it is an exception to the general rule that only a final judgment is appealable." *Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 291 (Tex. App.—Fort Worth 2004, no pet.) (citing *Tex. Dep't of Transp. v. Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App.—Austin 1999, no pet.)). An order granting a plea to the jurisdiction is an appealable interlocutory order if such plea to the jurisdiction is made by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (defining "governmental unit" in accordance with Section 101.001). As Terra is not a governmental unit,[2] we hold that

___

[2]In its brief on the merits, CSWR's "Statement on Jurisdiction" asserts Terra should be considered a governmental unit for purposes of this appeal because, based on the fact that Terra "must apply for approval to operate a water utility system," it is a water control district. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B). "A water control and improvement district may be created under and subject to the authority . . . of either Article III, Section 52, of the Texas Constitution, or Article XVI, Section 59, of the Texas Constitution." Tex. Water Code Ann. § 51.011. Conservation districts are considered governmental agencies. Tex. Const. art. XVI, § 59(b). An extensive list of such legislatively created districts is contained in the Texas Special District Local Laws Code and includes water control and improvement districts. *See* Tex. Spec. Dist. Code Ann. tit. 6. But Terra is not among that list. *See id.* And as reflected in the record, Terra is a "domestic for-profit corporation," not a water control district.

CSWR's "Statement on Jurisdiction" also points us to *University of the Incarnate Word v. Redus*, which analyzes "governmental unit" under Section 101.001(3)(D). 518 S.W.3d 905 (Tex. 2017); *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(D). In that case, the court held that, because law enforcement is uniquely governmental, a

4

the statutorily authorized exception in Section 51.014(a)(8) does not permit CSWR's appeal of the trial court's order granting Terra's plea to the jurisdiction. *See id.*

Because the order CSWR attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: August 11, 2022

---

private university "is a governmental unit *for purposes of law enforcement.*" *Univ. of the Incarnate Word*, 518 S.W.3d at 911 (emphasis added). The court reasoned, although the university lacks public funding and is not considered a governmental entity under the Government Code, the university's campus police department is "part of a larger governmental system" because the Legislature specifically "authorized [the university] to enforce state and local law using the same resource municipalities and the State use to enforce [the] law." *Id.* at 910, 911. However, this case is distinguishable. There is nothing in the record to indicate Terra receives public funding, and the Legislature does not consider Terra a governmental entity under any Texas code. Moreover, Terra does not "have the same powers, privileges, and immunities" as legislatively created districts. *See id.* at 911. And CSWR cites no authority to support its contention that, by applying for approval to operate a water utility system, the Public Utility Commission's governmental agency status is conferred to Terra.

5